UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| CORUS BANKSHARES, INC.,[1] | ) Case No. 10-26881 (PSH) |
|  | ) |
| Debtor. | ) |
|  | ) |

### FINAL ORDER AUTHORIZING THE DEBTOR TO (A) CONTINUE USING ITS EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS AND (B) MAINTAIN EXISTING INVESTMENT PRACTICES

Upon the motion, dated June 15, 2010 (the "Motion")[2], of Corus Bankshares, Inc., as debtor and debtor in possession (the "Debtor"), for the entry of an interim order (this "Order") authorizing, but not directing, the Debtor to: (a) continue using the existing cash management system, bank accounts and business forms and (b) maintain the existing Investment Practices; and upon the Declaration of Randy P. Curtis in Support of First Day Pleadings; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Debtor having provided appropriate notice under the circumstances of the Motion and the opportunity for a hearing on the Motion, and that no other or further notice is

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Corus Bankshares, Inc. (3592). The location of the Debtor's corporate headquarters and the service address for the Debtor is: 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606.

[2] All capitalized terms used but otherwise not defined herein shall have the meaning set forth in the Motion.

K&E 15668172

required; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not directed, to continue using the Cash Management System as described in the Motion.

3. The Debtor is authorized to: (a) continue to use, with the same account numbers, the Bank Accounts in existence on the Petition Date, including, without limitation, those accounts identified on <u>Exhibit 1</u> hereto; (b) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor in possession; (c) if needed, open new debtor-in-possession accounts; <u>provided</u>, <u>however</u>, that the Debtor shall give notice to the Office of the United States Trustee for the Northern District of Illinois and any statutory committees appointed in this chapter 11 case prior to opening a new bank account or closing a Bank Account; (d) deposit funds into and withdraw funds from such Bank Accounts by all usual means, including, without limitation, checks, wire transfers, ACH and debit card; and (e) use, in their present form, all correspondence and business forms (including, without limitation, letterhead and checks), and other documents related to the Bank Accounts, without reference to its status as debtor in possession.

4. Except as otherwise expressly provided in this order, the Banks are authorized to continue to treat, service, and administer the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course of business, and to receive,

2

K&E 15668172

process, honor and pay any and all checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

5. The Banks are authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court on account of: (a) all checks drawn on the Debtor's accounts which are cashed at such Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtor's accounts with such Banks prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

6. Notwithstanding any other provision of this Order, any Bank may rely on the representations of the Debtor with respect to whether any check, draft, wire or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to any order of this Court, and no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtor or (b) in good faith belief that the Court has authorized such prepetition check or item to be honored, shall be deemed to be liable to the Debtor or its estate or otherwise in violation of this Order.

7. The Banks are authorized to charge, and the Debtor is authorized to pay, honor or allow the Bank Fees, and charge back returned items to the Bank Accounts in the ordinary course.

8. For any bank at which the Debtor holds an account that is one of the Authorized Depositories maintained by the Office of the United States Trustee for the Northern District of

K&E 15668172

Illinois, the Debtor shall within 15 days of the date of entry of this Order (a) contact each bank, (b) provide the Debtor's employer identification number and (c) identify each of its accounts as being held by a debtor in possession in a bankruptcy case.

9. The Debtor, having shown sufficient cause under section 345(b) of the Bankruptcy Code for a waiver of the subsection's requirements, is authorized to continue the Investment Practices.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the local rules of the Court are satisfied by such notice.

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: JUL - 9, 2010
Chicago, Illinois

_____
United States Bankruptcy Judge

4

K&E 15668172

## EXHIBIT 1

## Bank Accounts

| Legal Entity | Bank | Account Type | Account Number | Bank Address |
|---|---|---|---|---|
| Corus Bankshares, Inc. | JPMorgan Chase Bank | Disbursement | XXXXXXXX6743 | JPMorgan Chase Bank, Columbus, OH 43271 |
| Corus Bankshares, Inc. | Deutsche Bank Alex.Brown | Investment | XXX-XX1430 | One Pickwick Plaza, 3rd Floor, Greenwich, CT 06830 |
| Corus Bankshares, Inc. | Deutsche Bank Trust Company Americas | Investment | XX-XXX-581 | 60 Wall Street New York, NY 10005 |

K&E 15668172