**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 10-26881 (PSH) |
| **CORUS BANKSHARES, INC.,**[1] | ) | |
| | ) | |
| | ) | **Objection Deadline: November 21,** |
| Debtor. | ) | **2011, 4:00 p.m., C.T.** |

**COVER SHEET FOR THE SIXTEENTH AND FINAL APPLICATION
FOR COMPENSATION AND PAYMENT OF ITEMIZED CHARGES AND
EXPENSES TO KILPATRICK TOWNSEND & STOCKTON LLP AS COUNSEL
FOR  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM JUNE 28, 2010, THROUGH AND INCLUDING OCTOBER 31, 2011**

| | | |
|---|---|---|
| 1. | Name of Applicant: | Kilpatrick Townsend & Stockton LLP |
| 2. | Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors for above-captioned Debtor |
| 3. | Date of Order Authorizing Employment: | August 3, 2010 (*nunc pro tunc* to June 28, 2010) |
| 4. | Period for Which Compensation is Sought: | From June 28, 2010, through and including October 31, 2011 |
| 5. | Amount of Fees Sought: | $1,051,281.80[2] |
| 6. | Amount of Expense Reimbursement Sought: | $39,668.62[3] |
| 7. | This is an: | _X_ Monthly ____ Interim Application _X_ Final Application |

---

[1]   The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Corus Bankshares, Inc. (3592).  The location of the Debtor's corporate headquarters and the service address for the Debtor is:  10 S. Riverside Plaza, Suite 1800, Chicago, IL  60606.

[2]   This amount reflects a reduction of fees in the amount of $9,382.95 pursuant to prior orders entered with respect to the first, second and third interim applications for compensation.

[3]   This amount reflects a reduction of expenses in the amount of $445.60 pursuant to prior orders entered with respect to the first, second and third interim applications for compensation.

## History of Fees and Expenses

**Summary of Monthly Statements:**

| DATE FILED | PERIOD COVERED | TOTAL REQUESTED (Fees & Expenses) | TOTAL ALLOWED (Fees & Expenses) | FEES & EXPENSES PREVIOUSLY PAID |
|---|---|---|---|---|
| 8/27/10 | 6/28/10 – 7/31/10 | $91,332.22 | $73,365.22 | $73,365.22 |
| 10/12/10 (Amended) | 8/1/10 – 8/31/10 | $72,775.56 | $59,348.46 | $59,348.46 |
| 10/29/10 | 9/1/10 – 9/30/10 | $79,718.28 | $64,540.58 | $64,540.58 |
| 11/19/10 | 10/1/10 – 10/31/10 | $81,047.27 | $65,139.97 | $65,139.97 |
| 12/8/10 | 11/1/10 – 11/30/10 | $101,583.06 | $81,300.96 | $81,300.96 |
| 1/28/11 | 12/1/10 – 12/31/10 | $36,644.43 | $30,072.53 | $30,072.53 |
| 3/2/11 | 1/1/11 – 1/31/11 | $32,043.93 | $26,099.33 | $26,099.33 |
| 4/20/11 | 2/1/11 – 2/28/11 | $35,424.87 | $28,579.07 | $28,579.07 |
| 5/16/11 | 3/1/11 – 3/31/11 | $96,781.58 | $78,103.63 | $78,103.63 |
| 6/1/11 | 4/1/11 – 4/30/11 | $39,486.75 | $32,052.15 | $32,052.15 |
| 6/30/11 | 5/1/11 – 5/31/11 | $94,491.26 | $75,840.16 | $75,840.16 |
| 8/9/11 | 6/1/11 – 6/30/11 | $90,672.10 | $73,326.90 | $73,326.90 |
| 8/26/11 | 7/1/11 – 7/31/11 | $66,566.82 | $53,750.82 | $53,750.82 |
| 10/3/11 | 8/1/11 – 8/31/11 | $73,922.91 | $59,507.11 | $59,507.11 |
| 10/25/11 | 9/1/11 – 9/30/11 | $64,619.23 | $0.00 | $0.00 |
| 11/__/11 | 10/1/11 – 10/31/11 | $43,668.70 | $0.00 | $0.00 |
| **TOTAL** | | **$1,100,778.97** | **$801,026.89** | **$801,026.89** |

US2008 2994964.7

**Summary of Interim Applications:**

| DATE FILED | PERIOD COVERED | TOTAL REQUESTED (Fees & Expenses) | TOTAL ALLOWED (Fees & Expenses) | FEES & EXPENSES PREVIOUSLY PAID |
|---|---|---|---|---|
| 11/8/10 | 6/28/10 – 9/30/10 | $243,826.06 | $236,401.76 | $236,401.76 |
| 3/2/11 | 10/1/10 – 12/31/10 | $219,274.76 | $218,181.01 | $218,181.01 |
| 6/1/11 | 1/1/11 – 3/31/11 | $164,250.38 | $162,939.88 | $162,939.88 |
| 8/24/11 | 4/1/11 – 6/30/11 | $224,650.11 | $224,650.11 | $224,650.11 |
| **TOTAL** | | **$852,001.31** | **$842,172.76** | **$842,172.76** |

Dated: November 7, 2011

Respectfully submitted,

By:  /s/ Todd C. Meyers

KILPATRICK TOWNSEND & STOCKTON LLP

Todd C. Meyers (ARDC # 90785773)
Robbin S. Rahman (Georgia Bar No. 592151)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
tmeyers@kilpatricktownsend.com

*Counsel for the Official Committee*
*of Unsecured Creditors of Corus Bankshares, Inc.*

US2008 2994964.7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-26881 (PSH)** |
| **CORUS BANKSHARES, INC.,**[1] | ) | |
| | ) | |
| | ) | **Objection Deadline: November 21,** |
| Debtor. | ) | **2011, 4:00 p.m., C.T.** |

**SIXTEENTH AND FINAL APPLICATION FOR COMPENSATION
AND PAYMENT OF ITEMIZED CHARGES AND EXPENSES
TO KILPATRICK TOWNSEND & STOCKTON LLP AS COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM JUNE 28, 2010, THROUGH AND INCLUDING OCTOBER 31, 2011**

Pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Article XI.A of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (With Technical Modifications)* [ECF No. 689-1] (the "Plan"); the *Order Authorizing the Employment and Retention of Kilpatrick Stockton LLP as Its Attorneys, Retroactive to June 28, 2010* [Docket No. 96] (the "Retention Order"); the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* [Docket No. 67] (the "Interim Compensation Order"); the local bankruptcy rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules"); and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines"), Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend"), counsel

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Corus Bankshares, Inc. (3592).  The location of the Debtor's corporate headquarters and the service address for the Debtor is:  10 S. Riverside Plaza, Suite 1800, Chicago, IL  60606.

for the Official Committee of Unsecured Creditors (the "Committee") for Corus Bankshares, Inc.

(the "Debtor"), hereby applies for (the "Application") allowance and payment of compensation

and expenses as follows:

(a)     allowance and payment of compensation in the sum of $39,942.00

and itemized charges and expenses in the sum of $3,726.70, for a total of $43,668.70 for

professional services rendered and itemized charges and other expenses incurred by

Kilpatrick Townsend on behalf of the Committee during the period from October 1,

2011, through and including October 31, 2011 (the "Current Application Period");

(b)     allowance and payment of the estimated compensation, charges

and expenses in the sum of $5,000 for professional services to be rendered and charges

and other expenses to be incurred by Kilpatrick Townsend in connection with the

preparation and attendance at the hearing on this Application (the "Estimated

Compensation and Expenses"); and

(c)     final allowance and payment of compensation in the sum of

$1,051,281.80 and itemized charges and expenses in the sum of $39,668.62, for a total of

$1,090,950.42 for professional services rendered and itemized charges and other

expenses incurred by Kilpatrick Townsend on behalf of the Committee during the period

from June 28, 2010, through and including October 31, 2011 (the "Final Application

Period");

The exhibits attached to this Application, pursuant to the Guidelines, are:

Exhibits "1-A" and "1-B"- Summary of Professional and Paraprofessional Time for the

Current Application Period and the Final Application Period.

US2008 2994964.7

Exhibit "2" - Summary of Requested Reimbursements of Expenses for the Current Application Period and the Final Application Period.

Exhibit "3" - The applicant's complete time records, in chronological order, by activity code category, for the covering the Current Application Period.[2] The requested fees are itemized to the tenth of an hour.

In support of this Application, Kilpatrick Townsend respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  In addition, this Court retained jurisdiction to consider this matter pursuant to Article XI.A of the Plan and paragraph 18 of the Order Confirming the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [ECF No. 689] (the "Confirmation Order"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 5082-1.

### BACKGROUND

A.       **The Committee**

4.       On June 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  On June 28, 2010, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed five creditors to serve on the Committee in connection with this chapter 11 case.  The members of the Committee were:

(a) U.S. Bank, N.A., as Indenture Trustee for Corus Statutory Trusts I, III & V; (b) The Bank of

---

[2]    The billing statements for the periods June 28, 2010 through September 30, 2011 were attached as Exhibit 3 to each of the previously filed monthly fee statements and are incorporated herein by reference.

New York Mellon Trust Company, N.A., as Indenture Trustee for Corus Statutory Trust II, IV, VI, VIII & IX; (c) Wilmington Trust Company, as Indenture Trustee for Corus Statutory Trusts VII, X & XIII; (d) Wells Fargo Bank, N.A., as Indenture Trustee for Corus Statutory Trust XII; and (e) Bank of America, N.A.,  as Indenture Trustee for Corus Statutory Trust XI.  On March 21, 2011, Bank of America resigned as a member of the Committee [ECF No. 385].

5.      On June 28, 2010, the Committee, in connection with the exercise of its powers and the performance of the duties conferred upon it, pursuant to section 1103 of the Bankruptcy Code, selected Kilpatrick Townsend as its counsel.

6.      Pursuant to the Retention Order, the Committee was authorized to retain and employ Kilpatrick Townsend, retroactive to June 28, 2010.

**B.      The Chapter 11 Cases**

7.      Following extensive discussions between the Debtor and the Committee regarding the terms of a plan of liquidation, the Debtor filed the *Debtor's Amended Plan Under Chapter 11 of the Bankruptcy Code* [ECF No. 285] on December 15, 2010, which proposed the orderly wind down and liquidation of the Debtor.  On December 16, 2010, the Bankruptcy Court approved the disclosure statement for this proposed liquidation plan [ECF No. 303], and on December 23, 2010, the Debtor commenced solicitation for the liquidation plan [ECF No. 322].  Subsequently six creditors holding claims in the principal amount of approximately $166 million (including Tricadia CDO Management, LLC and Mariner – Tricadia Credit Strategies Master Fund, Ltd. (collectively, "Tricadia")) voted to reject the Debtor's proposed liquidation plan.

8.      In the wake of this rejection of the proposed liquidation plan by the Debtor's creditors, extensive discussions ensued amongst the Debtor, the Committee and Tricadia about the propriety of a plan of liquidation, and proposed plan modifications.  Ultimately, after numerous discussions and extensive analysis of costs and benefits of a plan of liquidation and a

4

US2008 2994964.7

plan of reorganization, Tricadia and a majority of the other creditors who had voted to reject the

liquidation plan, plus one additional creditor (collectively, the "Plan Support Parties"),

determined that a plan of reorganization would best maximize value for the Debtor's estate.  On

May 3 and May 4, 2011, the Plan Support Parties delivered to the Debtor letters informing the

Debtor that they supported a reorganization and attached a term sheet setting forth the material

terms of that reorganization.

9.     The Debtor, Tricadia and the Committee thereafter negotiated the terms of a

reorganization plan and, on July 26, 2011, the Debtor filed a disclosure statement (as amended,

the "Disclosure Statement") and attached, as an exhibit, a draft of the negotiated plan of

reorganization (i.e., the Plan) [ECF. No. 553].  Thereafter, on July 28, 2011, the Bankruptcy

Court entered the *Order Approving: (A) the Adequacy of the Debtor's Disclosure Statement;*

*(B) Solicitation and Notice Procedures With Respect to Confirmation of the Debtor's Proposed*

*Plan of Reorganization; (C) the Forms of Various Ballots and Notices in Connection therewith;*

*and (D) the Scheduling of Certain Dates With Respect Thereto* [ECF No. 575] (the "Disclosure

Statement Order").  In accordance with Disclosure Statement Order and the solicitation

procedures approved thereunder, the Debtor provided ballots to certain of its stakeholders to

solicit votes to accept or reject the Plan.  A majority of the stakeholders who submitted ballots

voted in favor of the Plan. See [ECF No. 663].

10.     Following a hearing held on September 27, 2011, the Court entered the

Confirmation Order confirming the Plan.  The effective date of the Plan was October 27, 2011

(the "Effective Date").

**C.     Kilpatrick Townsend's Services**

11.     As described above, the Committee retained Kilpatrick Townsend as its counsel

in this bankruptcy case.  In this role, Kilpatrick Townsend was primarily responsible for

5

addressing all issues that arose in this chapter 11 case on behalf of the Committee and the

Debtor's unsecured creditors.  While a more detailed summary of the various services, broken

down by task code, is set forth below, Kilpatrick Townsend's services generally included, but

were not limited to, the following:

a.   rendering legal advice regarding the Committee's organization, duties and powers in this case;

b.   assisting the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, the possible monetization of the Debtor's tax assets, and any other matters relevant to this case or the formulation and analysis of any plan of reorganization or plan of liquidation;

c.   attending meetings of the Committee and meetings with the Debtor, its attorneys and other professionals, as requested by the Committee, including participating in regular Committee calls as well as numerous telephonic or in-person meetings with the Debtor, and other significant parties throughout the case, including Tricadia, the Plan Support Parties and the Federal Deposit Insurance Corporation (the "FDIC")

d.   representing the Committee in hearings before the Court;

e.   assisting the Committee in preparing all necessary motions, applications, responses, reports and other pleadings in connection with the administration of this case;

f.   participating in the negotiation and formation of a plan of liquidation and related disclosure statement and solicitation documents and related pleadings, which ultimately was rejected by voters holding more than one-third in amount of TOPrS claims;

g.   participating in the negotiating and formation of the Plan and related Disclosure Statement and solicitation documents and all related pleadings;

h.   successfully negotiating the inclusion of several features into the Plan to provide creditors with additional alternatives and protections, including, but not limited to:  (i) the "liquidation option," which provides eligible creditors with the option to receive a distribution of cash rather than a distribution of stock in

US2008 2994964.7

the reorganized debtor;[3] (ii) the Plan Committee, made up of independent members of the reorganized debtor's board of directors with fiduciary duties to parties entitled to distributions under the Plan, to oversee and have decision-making authority with respect to the reorganized debtor's ongoing litigation and causes of action; (iii) the Plan Committee Consultant, a former federal judge, tasked with overseeing and consulting with the Plan Committee regarding any material decision in connection with ongoing litigation and related settlements; (iv) the Litigation Trust, a trust created to hold causes of action against certain of the Debtor's former officers; (v) the Creditors Designee, an individual appointed by the Committee and tasked with consulting with the Plan Committee and the Plan Committee Consultant regarding ongoing litigation and related settlements, to take positions in connection with the litigation between the Debtor and the FDIC regarding subordination issues and to monitor the Debtor with respect to distributions under the Plan; (vi) periodic reporting requirements, requiring the Debtor to publicly file periodic reports detailing the costs of administration of the estate and the amounts available for distribution, including the requirement to provide to the Creditors Designee any information that is withheld from the filed report out of concerns for the sensitivity or confidentiality of the information; (vii) prohibition against pledging assets, which prohibits the reorganized debtor from pledging any interest in various assets specifically reserved, in part or in whole, for parties that elected the Liquidation Option; (viii) the Cash Election Entitlement Segregated Account, a segregated account established to hold the amounts distributable to parties electing the Liquidation Option, governed by extremely conservative investment guidelines; (ix) refinements to the definition of "Free Cash," the term used to establish the actual and potential assets that will be available to parties entitled to distributions, designed to enlarge and clarify the scope of the definition; and (x) refinements to the definition of "Net Free Cash," the term used to describe the deductions from Free Cash that will be made to arrive at the amount of a distribution, designed to make clear that only those costs that otherwise would have been incurred in connection with a liquidation will be applied to reduce the Net Free Cash available to those parties that elected a cash distribution pursuant to the Liquidation Option;

---

[3]   In fact, a significant number of creditors, including certain of the Plan Support Parties, elected to receive a distribution of cash pursuant to the liquidation option rather than a distribution of equity under the Plan.

(d)     analyzing complex legal, intercreditor and subordination issues and
reviewing various corporate documents relevant to the Debtor's
bankruptcy case.

**D.    <u>Kilpatrick Townsend's Monthly and Interim Fee Applications</u>**

12.     This Application covers the period from June 28, 2010, through and including
October 31, 2011.  As illustrated in greater detail in the tables set forth in the Cover Sheet to this
Application, Kilpatrick Townsend has filed with this Court a total of fifteen previous
applications for payment of fees and expenses and four interim fee requests.  These previous
monthly fee applications covered the period June 28, 2010 through September 30, 2011.  The
previous interim fee applications covered the period June 28, 2010 through June 30, 2011.  The
total amount previously sought was $1,057,110.27 and the total amount previously awarded was
$955,430.69.[4]  All amounts received were paid directly by the Debtor to Kilpatrick Townsend
upon approval of the particular monthly or interim application.  Kilpatrick Townsend has
received no payment thus far with respect to the fees and expenses sought in the Current
Application Period.

13.     Each monthly application and interim application has been in full compliance
with the Bankruptcy Code, the Bankruptcy Rules, the Retention Order, the Interim
Compensation order, the Local Bankruptcy Rules, the U.S. Trustee Guidelines.

14.     In addition, pursuant to an informal agreement with the Office of the United
States Trustee (the "<u>U.S. Trustee</u>"), Kilpatrick Townsend, to the extent possible, prepared each
of its monthly applications in compliance with the First Amended Fee Review Committee
Guidelines as approved in the Chapter 11 case of UAL Corporation, *et al*., Case No. 02-48191
(Bankr. N.D. Ill., July 16, 2003) (the "<u>UAL Fee Guidelines</u>").  There having been no objections

---

[4]    Kilpatrick Townsend has filed it's monthly application for the period September 1, 2011 through September 30,
2011 and anticipates that it will file its certification of no objection on or about November 9, 2011.

US2008 2994964.7

to any of the monthly applications based upon the UAL Fee Guidelines, or otherwise, Kilpatrick

Townsend asserts that it substantially was in compliance in all respects.

**E.**     **The Plan and Accrued Professional Compensation**

15.     As set forth above, on the Effective Date, the Committee was deemed to have

been dissolved and the retention and employment of professionals retained by the Committee,

including Kilpatrick Townsend, was deemed to have been terminated.  See Plan at Article IV.M.

However, the Committee remains intact and professionals retained after such date for the

purposes of filing fee applications, pursuant to sections 330 and 331 of the Bankruptcy Code.  Id.

16.     In addition, pursuant to the Plan, Kilpatrick Townsend is authorized to file an

application for payment of its "Accrued Professional Compensation" at any time prior to 60 days

after the Effective Date.  See Plan at Article XI.A.  Accrued Professional Compensation is

defined in the Plan as:

>  at any given moment, all accrued and/or unpaid fees and
>  expenses . . . for legal, financial advisory, accounting and other
>  services and reimbursement of expenses that are awardable and
>  allowable under sections 328, 330(a) or 331 of the Bankruptcy
>  Code or otherwise is rendered prior to the Effective Date, or
>  thereafter in connection with, and only with (x) applications Filed
>  pursuant to section 330 and 331 of the Bankruptcy Code and (y)
>  motions seeking the enforcement of the provisions of the Plan or
>  Confirmation Order, by all Professions in the Chapter 11 Case that
>  the Bankruptcy Court has not denied by a Final Order, to the extent
>  that any such fees and expenses have not previously been paid
>  regardless of whether a fee application has been filed for any such
>  amount.

Plan at Article I.A.2.  Accordingly, pursuant to this Application, Kilpatrick Townsend is seeking

approval and payment of Accrued Professional Compensation for the period:  (a) from June 28,

2010 (the effective date of Kilpatrick Townsend's retention), through and including October 27,

2011 (the Effective Date of the Plan); (b) from October 28, 2011 through and including

October 31, 2011 in connection with the preparation and filing of this Application; and (c) with

9

respect to the Estimated Compensation and Expenses, in connection with Kilpatrick Townsend's

preparation and attendance at the hearing on this Application.

## REQUESTED RELIEF

17.     By this Application, Kilpatrick Townsend seeks final approval of the following

Accrued Professional Compensation:  (a) compensation and expenses incurred during the

Current Application Period (i.e., October 1, 2011 – October 31, 2011), in the amount of

$39,942.00 in compensation and $3,726.70 in itemized charges and expenses, for a total of

$43,668.70; (b) compensation and expenses in the amount of $5,000 on account of the Estimated

Compensation and Expenses; and (c) compensation and expenses incurred during the Final

Application Period (i.e., June 28, 2010 – October 31, 2011), in the amount of  $1,051,281.80 in

compensation and $39,668.62 in itemized charges and expenses, for a total of $1,090,950.42 (to

the extent not already paid pursuant to a previously approved monthly or interim fee

application).

## SUMMARY OF PROFESSIONAL SERVICES
## RENDERED DURING THE CURRENT APPLICATION PERIOD

18.     During the Current Application Period, Kilpatrick Townsend expended **97.10**

hours in the performance of its duties as counsel for the Committee.  A schedule of the

significant work performed by Kilpatrick Townsend during the Current Application Period,

itemized in accordance with its task-specific categories, is as follows:

**B120.  Business Operations**                                    **.20 Hours**
                                                                  **$145.00 Fees**

19.     During the Current Application Period, Kilpatrick Townsend reviewed and

analyzed the Debtor's monthly operating report.

10

**B130.  Case Administration**                          **0.30 Hours**
                                                        **$116.50 Fees**

20.      During the Current Application Period, Kilpatrick Townsend reviewed hearing

agendas; and reviewed orders entered and notices filed.

**B140.  Claims Adm. and Objections**                   **0.30 Hours**
                                                        **$66.00 Fees**

21.      During the Current Application Period, Kilpatrick Townsend reviewed and

analyzed certain of the proofs of claim filed in this case.

**B160.  Employment and Fee Applications**              **37.20 Hours**
                                                        **$11,508.50 Fees**

22.      During the Current Application Period, Kilpatrick Townsend drafted and revised

the fourteenth monthly fee statement for Kilpatrick Townsend and FTI; drafted and revised

Kilpatrick Townsend's fifteenth monthly fee statement; and prepared this Application.

**B170.  Fee/Employment Objections**                    **.30 Hours**
                                                        **$217.50 Fees**

23.      During the Current Application Period, Kilpatrick Townsend reviewed and

analyzed the monthly fee statements for Kirkland and Ellis and Kinetic.

**B190.  Litigation General**                           **4.10 Hours**
                                                        **$2,362.50 Fees**

24.      During the Current Application Period, Kilpatrick Townsend reviewed and

analyzed the FDIC's discovery responses; prepared for and attended status conference; and

communicated with parties regarding the District Court litigation.

11

**B200.  Meetings of Creditors**                                    **3.70 Hours**
                                                                    **$2,225.00 Fees**

25.     During the Current Application Period, Kilpatrick Townsend prepared for and

conducted telephonic Committee meetings; and corresponded with Committee members and

Committee professionals regarding case status, post confirmation issues, and various other issues.

**B210. Plan and Disclosure Statement**                             **45.40 Hours**
                                                                    **$21,271.00 Fees**

26.     During the Current Application Period, Kilpatrick Townsend communicated with

Debtor's counsel and other parties regarding Creditors' Designee issues, litigation trustee issues,

effective date, distribution issues, and other issues requiring attention prior to the effective date;

communicated with the Creditors' Designee regarding the confirmation hearing, final plan

revisions, and the occurrence of the Effective Date; prepared and revised a chart of post-effective

date deadlines; reviewed and analyzed the plan and plan supplement with respect to Litigation

Trustee matters; and reviewed and analyzed several drafts of a Kinetic distribution reserve

analysis and communicated with parties regarding the same.

**B310.  Travel Time**                                              **5.60 Hours**
                                                                    **$2,030.00 Fees**

27.     During the Application Period, certain of Kilpatrick Townsend's lawyers traveled

to Chicago, Illinois for hearings.  The non-working travel time incurred during such travel has

been charged at one-half the applicable lawyer's hourly rate.

### SUMMARY OF PROFESSIONAL SERVICES
### RENDERED DURING THE FINAL APPLICATION PERIOD

28.     During the Final Application Period, Kilpatrick Townsend expended **2,316.10**

hours in the performance of its duties as counsel for the Committee.  While a complete

description of each of the tasks performed by Kilpatrick Townsend during the Final Application

12

Period is set forth in each of the applicable monthly fee applications, a non-exclusive summary

of the tasks, itemized based upon task category, is set forth below.

**B100.  Asset Analysis and Recovery**                                    **8.30 Hours**
                                                                          **$3,658.50 Fees**

29.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) releases sought by the Debtor in connection with various

prepetition and postpetition periods; and (b) the appointment of a Plan Trustee.

**B110.  Asset Disposition**                                             **0.40 Hours**
                                                                          **$260.00 Fees**

30.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

extension of the lease with respect to the Debtor's office space.

**B120.  Business Operations**                                           **7.50 Hours**
                                                                          **$3,119.50 Fees**

31.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

US2008 2994964.7

following subject matters:  (a) the Debtor's monthly operating reports; (b) cash use analysis;

(c) corporate background information; and (d) employee compensation.

**B130.  Case Administration**                    **184.40 Hours**
                                                   **$82,970.50 Fees**

32.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) the Debtor's various "first-day" motions; (b) the Debtor's "first-

day" hearings; (c) the Debtor's proposed and final budgets, (d) the Debtor's schedules of assets

and liabilities and statements of financial affairs; (e) certain prepetition capital contributions and

downstream payments; (f) the Committee's information sharing procedures motion;

(g) examinations pursuant to Bankruptcy Rule 2004; (h) various confidentiality agreements;

(i) the Debtor's pension plans; (j) in-person meetings regarding post-confirmation transition

issues; (k) shareholder letters, (l) statutory fees; (m) conversion of a chapter 11 case to a chapter

7 case; and (n) the Debtor's material loss reports prepared by the Office of the Inspector General.

**B140.  Claims Administration And Objections**                    **16.10 Hours**
                                                                    **$8,014.00 Fees**

33.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) the Bar Date order; (b) proofs of claim filed by various creditors;

(c) proofs of claim filed by the FDIC and other potential FDIC claims; (d) various omnibus

14

objections prepared by the Debtors; (e) section 365(o) of the Bankruptcy Code; (f) the structure

and administration of Collateralized Debt Obligations; (g) various pleadings filed in the Debtor's

adversary proceedings against the FDIC; and (i) and issues relevant to trust originated preferred

securities.

**B150.  Employee Benefits/Pensions**                                          **13.80 Hours**
                                                                               **$5,916.00 Fees**

34.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) the Debtor's pension plan; (b) a settlement with the Pension

Benefit Guaranty Corporation (the "PBGC"); (c) a termination plan provided by the PBGC; (d) a

voting stipulation with the PBGC; and (d) proofs of claim filed by the PBGC.

**B160.  Employment and Fee Applications**                                     **308.40 Hours**
                                                                               **$97,964.00 Fees**

35.     In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) retention of Committee professionals; (b) the application to

employ Kilpatrick Townsend and FTI; (c) monthly fee applications for Kilpatrick Townsend and

FTI; (d) fee guidelines and related rules and orders; (e) indenture trustee fees; and (f) indenture

trustee fee applications.

US2008 2994964.7

**B170.  Fee/Employment Objections**            **40.10 Hours**
                                                         **$16,548.50 Fees**

36.     In connection with this task code, during the Final Application Period, Kilpatrick Townsend took various actions (including, but not limited to, analyzing materials; attending meetings, conferences and hearings; communicating internally and externally; negotiating; preparing pleadings, memorandum and correspondence; and/or researching) with respect to the following subject matters:  (a) the application to employ Kirkland & Ellis, LLP, as Debtor's counsel; (b) Kinetic Advisors, LLP as financial advisor to the Debtors; (c) related supplemental disclosures; (d) related monthly and interim fee applications; and (e) related fee issues.

**B190.  Litigation General**                 **426.30 Hours**
                                                       **$165,979.00 Fees**

37.     In connection with this task code, during the Final Application Period, Kilpatrick Townsend took various actions (including, but not limited to, analyzing materials; attending meetings, conferences and hearings; communicating internally and externally; negotiating; preparing pleadings, memorandum and correspondence; and/or researching) with respect to the following subject matters:  (a) the tax adversary proceeding filed by the Debtors; (b) the FDIC's efforts to withdraw the reference with respect to the tax adversary proceeding; (b) a motion to intervene in the tax adversary proceeding; (c) litigation initiated by a class of securities plaintiffs and related efforts to stay such litigation and also issues related to the settlement of the same; (d) the Debtor's Director and Officer liability insurance policies (collectively, the "D&O Policies"); (e) the Debtor's tax sharing agreement; (e) the Debtor's corporate governance, compensation issues and related liability issues; (f) potential actions to avoid transfers; (g) the Committee's derivative standing to bring actions on behalf of the Debtor; (h) tax litigation issues;

16

(i) the attorney-client privilege; (j) certain postpetition director & officer liability insurance policies; (k) claims in the related receivership proceeding; and (l) insider issues.

## B200.  Meetings of Creditors
**154.30 Hours**
**$90,088.50 Fees**

38.     In connection with this task code, during the Final Application Period, Kilpatrick Townsend took various actions (including, but not limited to, analyzing materials; attending meetings, conferences and hearings; communicating internally and externally; negotiating; preparing pleadings, memorandum and correspondence; and/or researching) with respect to the following subject matters:  (a) the Committee's organizational meeting; (b) ongoing and regular case status telephonic meetings; (c) Committee by-laws and confidentiality agreements; (d) Committee minutes; (e) issues related to Indenture Trustee charging liens.

## B210.  Plan and Disclosure Statement
**968.90 Hours**
**$502,637.00 Fees**

39.     In connection with this task code, during the Final Application Period, Kilpatrick Townsend took various actions (including, but not limited to, analyzing materials; attending meetings, conferences and hearings; communicating internally and externally; negotiating; preparing pleadings, memorandum and correspondence; and/or researching) with respect to the following subject matters:  (a) the structure, rights, identities and holdings of the various collateralized debt obligations that own or control the Debtor's debt securities; (b) termination of the Debtor's exclusivity period; (c) the Debtor's cash reserves; (d) liquidating plan term sheets and various other plan alternatives; (e) the Debtor's plan of liquidation and related disclosure statements; (f) the selection and governance of a plan administrator; (g) the Debtor's proposed solicitation procedures motion, voting procedures ballots and related notices; (h) the committee support letter; (i) the Debtor's liquidation analysis; (j) the hearing on the disclosure statement for

17

a liquidating plan; (k) ballot tabulation issues; (l) the draft liquidating plan supplement;

(m) meetings and other negotiations with Tricadia following the unsuccessful solicitation of the

Debtor's liquidating plan regarding restructuring plan alternatives; (n) the proposed reorganizing

plan term sheet by Tricadia; (o) FTI's analysis of the Tricadia proposal; (p) tax issues raised by

Tricadia's alternative plan; (q) plan support agreements executed by various CDOs; (r) the

indentures and collateral manager agreements in connection with the alternative reorganizing

plan; (s) corporate governance documents for the reorganized debtor; (t) the distribution analysis

prepared by Kinetic; (u) confirmation brief, declaration and proposed order in support of

reorganizing plan; (v) the confirmation hearing with respect to the Debtor's plan.

40.     In addition, as discussed above, Kilpatrick Townsend was instrumental in

negotiating  various additional options and protections in the Plan, including, but not limited to,

the Liquidation Option, the Plan Committee, the Litigation Trust, the Creditors Designee, the

periodic reporting requirements, the restrictions on the pledging of assets, the Cash Election

Entitlement Segregated Account and the refinements and clarifications to the definitions of "Free

Cash" and "Net Free Cash," each as described in more detail above.  In addition, as part of its

efforts in connection with the Plan, Kilpatrick Townsend worked with counsel for the Debtor in

analyzing and resolving (a) complex intercreditor and subordination issues, particularly in

connection with the FDIC's arguments as asserted in connection with its objections to the Plan

and Disclosure Statement; and (b) complex distribution issues, particularly in light of the unusual

structure of the Plan and the TOPrS, most of which are held by and through collateralized debt

obligation trusts.

US2008 2994964.7

**B290.  Tax Issues**                                            **42.70 Hours**
                                                                 **$25,613.50 Fees**

41.    In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) the Debtor's tax allocation policy; (b) the Debtor's equitization

plan proposal and the related tax issues; (c) tax escrow agreement with the FDIC; (d) the

Debtor's net operating losses; (d) the tax refund dispute with the FDIC; (e) the Debtor's

intercompany payment policy; and (f) the anti-assignment act.

**B310.  Travel Time**                                          **131.70 Hours**
                                                                 **$48,977.25 Fees**

42.    During the Final Application Period, Kilpatrick Townsend lawyers traveled to

Chicago, Illinois for various hearings, conferences and other meetings.  Kilpatrick Townsend

also traveled to and from New York for in-person meetings with the Debtor, the Committee, and

their professionals.  The non-working travel time incurred during such travel has been charged at

one-half of the applicable lawyer's hourly rate.

**B900.  Insurance**                                            **13.20 Hours**
                                                                 **$8,918.50 Fees**

43.    In connection with this task code, during the Final Application Period, Kilpatrick

Townsend took various actions (including, but not limited to, analyzing materials; attending

meetings, conferences and hearings; communicating internally and externally; negotiating;

preparing pleadings, memorandum and correspondence; and/or researching) with respect to the

following subject matters:  (a) the Debtor's D&O Policies; (b) refund of policy premiums paid

19

by the Debtor with respect to the D&O Policies; (c) the Debtor's public filings with respect to

insurance issues.

## THE ESTIMATED COMPENSATION AND EXPENSES

44.     As set forth above, this Application includes a request for the final allowance and

payment of the Estimated Compensation and Expenses in the amount of $5,000.  Kilpatrick

Townsend estimates that such amount will be necessary to allow Kilpatrick Townsend to

adequately prepare for the hearing on this Application, travel from Atlanta, Georgia to Chicago,

Illinois by air, including one night's hotel stay and attend such hearing.

45.     In particular, the Estimated Compensation and Expenses are estimated to total

$5,150, calculated as follows:  (a) it is anticipated that Mr. Meyers will require approximately

two hours preparing for the hearing (2 hours x $725/hr = $1,450), (b) it is anticipated that travel

time to and from Chicago, Illinois via airplane will be approximately three hours each way

(6 hours x $362.50/hr = $2,175); (c) hotel, airfare and ground transportation (consistent with

previous experience) will total approximately $800; and (d) the hearing will last approximately

one hour (1 hour x $725 = $725).   Kilpatrick Townsend would not incur the Estimated Fees and

Expenses but for the need to prepare and file this Application and appear in person at the hearing

on this Application.  The Estimated Fees and Expenses should, therefore, be part of the amounts

awarded in this Application.

## COMPLIANCE WITH APPLICABLE LAWS AND
## RULES REGARDING FEE AND EXPENSE APPLICATIONS

46.     Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed
under section 327 or 1103—

      (A) reasonable compensation for actual, necessary services rendered by ...
such person; and
      (B) reimbursement for actual, necessary expenses.

20

11 U.S.C. § 330(a)(1).

      47.    Pursuant to section 330:

> [P]rofessionals applying for fees must demonstrate that their services were actual,
> necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n
> entity seeking interim or final compensation for services, or reimbursement of
> necessary expenses, from the estate shall file with the court an application setting
> forth a detailed statement of (1) the services rendered, time expended and
> expenses incurred, and (2) the amounts requested.
>
>                      * * *
>
> services performed by attorneys representing debtors must produce a benefit to
> the estate in order to be fully compensable from the estate.

In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (citations omitted).

      48.    In assessing the reasonableness of attorneys' fees under section 330, Judge

Squires considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions;
> (3) the skill required to perform the legal services properly; (4) the preclusion of
> employment by the attorney due to acceptance of the case; (5) the customary fee;
> (6) whether the fee is fixed or contingent; (7) time limitations imposed by the
> client or the circumstances; (8) the amount involved and the result obtained;
> (9) the experience, reputation and ability of the attorneys; (10) the undesirability
> of the case; (11) the nature and length of the professional relationship with the
> client; and (12) awards in similar cases.

In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

      49.    Regardless of the significance of certain individual factors in determining the

value of professional services, the Court should primarily focus its attention upon the

reasonableness of the services provided to the estate. The Seventh Circuit has recognized that the

appropriate measure to determine the reasonableness of attorneys' fees is the market based

approach. See Steinlauf v. Continental Illinois Corp. (In re Continental Illinois Sec. Litig.), 962

F.2d 566, 572 (7th Cir. 1992) (the "object in awarding a reasonable attorneys' fee, as we have

been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an

arms' length negotiation . . ."); see also In re Boston and Maine Corp., 776 F.2d 2, 10 (1st Cir.

1985) ("[I]t is important for a court to maintain a sense of overall proportion and not become

enmeshed in meticulous analysis of every detailed facet of the professional representation.").

      50.    Similarly, as one court has reasoned, "the attorney/client relationship [i]s one in

which the terms of the engagement should normally be upheld, including the fee arrangement, so

as not to unduly intrude upon the bargain struck between the parties who have entered into an

important professional relationship." In re Famisaran, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998).

## APPLICATION OF RELEVANT CRITERIA AND
## STANDARDS TO THIS COMPENSATION REQUEST

      51.    In applying the criteria set forth above to this request for compensation, the Court

should consider foremost the effort required and expended by Kilpatrick Townsend, the

reasonableness of the services rendered and the results achieved.  All of the services performed

by Kilpatrick Townsend were required for the proper representation of the Committee in this

case and, to the extent necessary, were authorized by the Court and were performed by

Kilpatrick Townsend at the request and direction of the Committee.  Pursuant to Section 331 of

the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of

the services performed, all of Kilpatrick Townsend's services are reasonable and compensable.

      52.    The amount of services rendered by Kilpatrick Townsend to achieve the results

obtained for the benefit of the estate's creditors was reasonable in light of the complexity of the

issues involved in this case.  Kilpatrick Townsend's attorneys allocated responsibilities among

attorneys at Kilpatrick Townsend to minimize possible duplication of efforts.  Compensation is

sought for participation in one task by more than one attorney of Kilpatrick Townsend only in

instances where joint participation was necessary because of the significant impact of a particular

hearing or meeting, the complexity of the problems involved, the magnitude of the work to be

22

US2008 2994964.7

performed, and the specialization required or the need to preserve a continuity of representation.

In a case of this magnitude and complexity, it is often more economical and sometimes necessary

for multiple attorneys to attend a meeting or hearing to facilitate communication of information

than to relay the information from attorney to attorney.  In similar situations, such representation

has been approved. See, e.g., Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985).

53.      The experience and expertise in bankruptcy cases and the quality of the services

brought to this case by Kilpatrick Townsend further supports the requested compensation.  This

law firm has charged the estate the normal and customary hourly rates for similar services

rendered in like circumstances to other clients.  Furthermore, the rates at which Kilpatrick

Townsend seeks compensation are its standard hourly rates.  The rates are comparable to the

rates charged by other practitioners of similar experience, competence and standing in the

community.

54.      Kilpatrick Townsend submits that its hourly rates and hours for which

compensation is sought are reasonable and appropriate.  The compensation request is well within

an acceptable range for comparable legal services and is reasonable given the efforts required of

Kilpatrick Townsend in this case.

## ITEMIZED CHARGES AND OTHER EXPENSES

55.      In this Application, Kilpatrick Townsend is seeking $39,668.62 in reimbursement

for itemized charges and other expenses incurred in its duties as counsel for the Committee.

Kilpatrick Townsend respectfully submits that the itemized charges and other expenses incurred

by Kilpatrick Townsend were necessary to the performance of its duties as counsel for the

Committee.  The itemized charges and other expenses are summarized on Exhibit "2".

56.      Kilpatrick Townsend's billing statements set forth the total cost for expedited

mailings.  The charges incurred by Kilpatrick Townsend in the performance of its duties were

23

US2008 2994964.7

necessary at the time such charges were incurred.  Where possible, Kilpatrick Townsend has

utilized electronic mail and other means to transmit data expeditiously and cost effectively.

57.    Kilpatrick Townsend's billing statements include charges for long distance

telephone calls made in connection with representation of the Committee (including long

distance telephone calls placed in conjunction with outgoing facsimile transmissions).

58.    Internal photocopies in this case are billed at the rate of $.10 per page.  Outside

photocopies have been billed at Kilpatrick Townsend's cost for same.  Kilpatrick Townsend's

costs for photocopies are not incorporated into its hourly billing rates; thus, Kilpatrick Townsend

bills its clients separately for copying charges.

59.    Receipts of various itemized charges and other expenses are not attached to this

Application.  Copies of receipts are available to parties in interest upon request.

## COMPLIANCE WITH APPLICABLE LAWS AND
## RULES REGARDING FEE AND EXPENSE APPLICATIONS

60.    As set forth above, Kilpatrick Townsend has prepared this Application, to the

extent possible, in full compliance with all applicable laws, rules, orders and agreements.  A

non-exclusive list of the measures taken by Kilpatrick Townsend to ensure such compliance are

set forth below.

◆    Task-Code Categories:  The professional services rendered by Kilpatrick Townsend

are allocated pursuant to applicable task-code categories.

◆    Time Entry Format:  Kilpatrick Townsend's time entries contain information

regarding the billing party providing services, a narrative summary of the work performed, and an

itemization (in one-tenth hour increments) of the number of hours expended in performing such

services.   Additionally, each time entry reflects the amount of compensation requested in

connection with such time entry.

24

◆     <u>Chronology</u>:  Kilpatrick Townsend's time entries are arranged in chronological order under the appropriate project category.

◆     <u>No Fee Sharing</u>:  In accordance with Rule 2016(a) of the Bankruptcy Rules and section 504 of the Bankruptcy Code, there is no agreement or understanding between Kilpatrick Townsend and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in this case.  All of the services for which compensation is requested herein by Kilpatrick Townsend were performed for or on behalf of the Committee and not on behalf of any other person or entity.[5]

---

[5]   In connection with its application for retention as counsel for the Committee, Kilpatrick disclosed (a) its role as counsel to Wilmington Trust in connection with this case, prior to its retention as counsel to the Committee and (b) its intent to seek to recover its unpaid fees incurred in connection with its representation of Wilmington Trust (the "<u>Wilmington Fees</u>") under certain circumstances.  See *Application of the Official Committee of Unsecured Creditors of Corus Bankshares, Inc. For Entry of an Order Authorizing the Employment and Retention of Kilpatrick Stockton LLP as its Attorneys, Retroactive to June 28, 2010* [ECF No. 77] at Exhibit A (the "<u>Kilpatrick Retention Application</u>").  In particular, the Kilpatrick Retention Application provided as follows:

> Wilmington Trust Company ("Wilmington Trust") is one of the members of the Committee in this chapter 11 case.  Prior to its retention by the Committee, [Kilpatrick] represented Wilmington Trust with regard to the Debtor's outstanding indebtedness owing to it, and is currently owed approximately $45,000.00 as of June 15, 2010 (the "Petition Date") for services rendered prior to the Petition Date and an additional amount of approximately $10,000.00 for services rendered after the Petition Date and until termination of its services upon retention by the Committee.  [Kilpatrick] and Wilmington Trust have agreed (as is the case with [Kilpatrick's] representation of Wilmington Trust in other bankruptcy matters) that [Kilpatrick] will not receive any payment in respect of the fees outstanding, unless and until Wilmington Trust receives a distribution on account of its unsecured claim against the Debtor's bankruptcy estate, or as otherwise provided in a plan or court order.  However, [Kilpatrick] anticipates that after the instant case is resolved and a distribution is made to Wilmington Trust, the outstanding amounts described herein will be paid.  In addition, in three other pending chapter 11 cases, [Kilpatrick] represented creditors' committees on which Wilmington Trust served.  In one of those cases, Wilmington Trust continues to serve on the creditors' committee, and in another, Wilmington Trust continues to serve on the post-confirmation committee.  [Kilpatrick] also represents Wilmington Trust in its capacity as indenture trustee in several other matters.

See Kilpatrick Retention Application at Exhibit A, pgs. 3 – 4.  A request for payment of the Wilmington Fees, in the amount of $58,032.77, has been included in the *Application of Wilmington Trust Company, in its Capacity as TOPrS Indenture Trustee for Payment of TOPrS Indenture Trustee Fees* [ECF No. 730], filed on November 4, 2011.

US2008 2994964.7

♦   <u>Committee Review</u>:  Pursuant to section (b)(1)(v) of the U.S. Trustee Guidelines, the Committee has had an opportunity to review and approve this Application, as well as each of the previous monthly and interim applications for compensation and reimbursement for the actual and necessary expenses sought therein.

## <u>NOTICE</u>

61.    In accordance with the Interim Compensation Order, Kilpatrick Townsend has served this Application upon: (a) the Debtor: Corus Bankshares, Inc., 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606, Attn: Chief Financial Officer; (b) counsel to the Debtor, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Jeffrey W. Gettleman; and (c) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Suite 873, Chicago, Illinois 60604, Attn: Richard C. Friedman. (collectively, the "<u>Notice Parties</u>").  The Application was also served electronically upon those entities having requested notices in this case pursuant to Bankruptcy Rule 2002.  Each Committee member was also served with the Application.  Kilpatrick Townsend submits that such notice is appropriate and proper.

**WHEREFORE,** Kilpatrick Townsend respectfully requests:

(a)    that the Court approve and allow, as an administrative expense, its request for: (i) allowance and payment of compensation in the sum of $39,942.00 and itemized charges and expenses in the sum of $3,726.70, for a total of $43,668.70, for professional services rendered and itemized charges and other expenses incurred by Kilpatrick Townsend on behalf of the Committee during the Current Application Period (<u>i.e.</u>, October 1, 2011 – October 31, 2011); (ii) allowance and payment of the Estimated Compensation and Expenses; and (iii) final allowance and payment of compensation in the sum of $1,051,281.80  and itemized charges and expenses in the sum of $39,668.62, for a total of $1,090,950.42 for professional services

26

rendered and itemized charges and other expenses incurred by Kilpatrick Townsend on behalf of

the Committee during the Final Application Period (i.e., June 28, 2010 – October 31, 2011);

(b)     that the Court approves and directs payment by the Reorganized Debtor to

Kilpatrick Townsend of the amounts so awarded (to the extent not already paid in accordance

with the Interim Compensation Order);

(c)     and that the Court grant such other and further relief as is just and proper under

the circumstances.

Dated: November 7, 2011              Respectfully submitted,

                                     By:  /s/ Todd C. Meyers

                                     KILPATRICK TOWNSEND & STOCKTON LLP

                                     Todd C. Meyers (ARDC # 90785773)
                                     Robbin S. Rahman (Georgia Bar No. 592151)
                                     1100 Peachtree Street, Suite 2800
                                     Atlanta, Georgia  30309-4530
                                     (404) 815-6500 (Telephone)
                                     (404) 815-6555 (Facsimile)
                                     tmeyers@kilpatricktownsend.com

                                     and

                                     NEAL, GERBER & EISENBERG, LLP.

                                     Mark A. Berkoff (ARDC #06194787)
                                     Two North LaSalle Street, Suite 1700
                                     Chicago, IL 60602-3801
                                     (312) 269-8000 (Telephone)
                                     (312) 269-1747 (Facsimile)
                                     mberkoff@ngelaw.com

                                     *Counsel for the Official Committee
                                     of Unsecured Creditors of Corus Bankshares, Inc*

US2008 2994964.7

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-26881 (PSH)** |
| **CORUS BANKSHARES, INC.,**[9] | ) | |
| | ) | |
| | ) | |
| **Debtor.** | ) | |

## DECLARATION

1.      I am a partner in the law firm of Kilpatrick Townsend & Stockton LLP (the "Firm").

2.      I am admitted to practice and a member in good standing of the Bar of the State of Georgia, and am admitted to practice before, among other courts, the United States District Court for the Northern District of Illinois, and the United States District Court for the Northern District of Georgia.

3.      I have personally performed certain of the legal services rendered by the Firm as counsel for the Official Committee of Unsecured Creditors (the "Committee") and am familiar with other work performed on behalf of the Committee by the lawyers and other persons in the firm.

4.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

 /s/ Todd C. Meyers
Todd C. Meyers

---

[9]      The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Corus Bankshares, Inc. (3592).  The location of the Debtor's corporate headquarters and the service address for the Debtor is:  10 S. Riverside Plaza, Suite 1800, Chicago, IL  60606.