## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-26881 (PSH)** |
| **CORUS BANKSHARES, INC.,**[1] | ) | |
| | ) | |
| | ) | **Objection Deadline: November 21, 2011,** |
| **Debtor.** | ) | **4:00 p.m., C.T.** |

**COVER SHEET FOR THE SIXTEENTH MONTHLY AND FINAL FEE
APPLICATION FOR COMPENSATION AND PAYMENT OF ITEMIZED CHARGES
AND EXPENSES TO FTI CONSULTING, INC. AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM JUNE 28, 2010, THROUGH AND INCLUDING OCTOBER 27, 2011**

1. Name of Applicant:  FTI Consulting, Inc.

2. Authorized to Provide Professional Services to:  Official Committee of Unsecured Creditors for above-captioned Debtor

3. Date of Order Authorizing Employment:  August 3, 2010 (*nunc pro tunc* to June 28, 2010)

4. Period for Which Compensation is Sought:  From June 28, 2010, through and including October 27, 2011

5. Amount of Fees Sought:  $692,973.25[2]

6. Amount of Expense Reimbursement Sought:  $7,192.52

7. This is an:  __X__ Monthly    __ Interim Application   __X__ Final Application

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Corus Bankshares, Inc. (3592). The location of the Debtor's corporate headquarters and the service address for the Debtor is: 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606.

[2] Includes an estimate of $5,000 for the preparation and prosecution of this final fee application.

**Summary of monthly statements:**

| DATE FILED | PERIOD COVERED | TOTAL REQUESTED (Fees & Expenses) | TOTAL PAID (Fees & Expenses) | TOTAL FEES & EXPENSES OUTSTANDING |
|---|---|---|---|---|
| 08/27/2010 | 6/28/10 – 7/31/10 | $112,086.59 | $112,086.59 | $0.00 |
| 09/30/2010 | 8/1/10 – 8/31/10 | $82,634.98 | $82,634.98 | $0.00 |
| 10/29/2010 | 9/1/10-9/30/10 | $35,659.82 | $35,659.82 | $0.00 |
| 11/24/2010 | 10/1/10-10/31/10 | $31,558.50 | $31,051.00 [1] | $0.00 |
| 12/14/2010 | 11/1/10-11/30/10 | $50,358.94 | $49,311.94 [1] | $0.00 |
| 01/28/2011 | 12/1/10-12/31/10 | $16,870.50 | $16,870.50 | $0.00 |
| 03/02/2011 | 1/1/11-1/31/11 | $24,758.97 | $20,992.97 [2] | $0.00 |
| 04/20/2011 | 2/1/11-2/28/11 | $36,081.42 | $35,795.20 [2] | $0.00 |
| 05/16/2011 | 3/1/11-3/31/11 | $47,980.50 | $46,057.50 [2] | $0.00 |
| 06/01/2011 | 4/1/11-4/30/11 | $34,312.84 | $32,863.42 [3] | $0.00 |
| 06/30/2011 | 5/1/11-5/31/11 | $38,448.50 | $37,272.00 [3] | $0.00 |
| 08/09/2011 | 6/1/11-6/30/11 | $43,775.00 | $43,775.00 | $0.00 |
| 08/26/2011 | 7/1/11-7/31/11 | $72,693.26 | $58,160.56 | $14,532.70 |
| 10/03/2011 | 8/1/11-8/31/11 | $19,359.50 | $15,487.60 | $3,871.90 |
| 10/25/2011 | 9/1/11-9/30/11 | $32,587.45 | $0.00 | $32,587.45 |
|  | 10/1/11-10/27/11 Included herein | $15,999.00 | $0.00 | $15,999.00 |
|  | Preparation of Final Fee Application [4] | $5,000.00 | $0.00 | $5,000.00 |
| **Totals** |  | **$700,165.77** | **$618,019.08** | **$71,991.05** |

**Summary of interim applications:**

| DATE FILED | PERIOD COVERED | TOTAL REQUESTED (Fees & Expenses) | TOTAL PAID (Fees & Expenses) | TOTAL FEES & EXPENSES OUTSTANDING |
|---|---|---|---|---|
| 11/8/10 | 6/28/10 – 9/30/10 | $230,381.39 | $230,381.39 | $0.00 |
| 3/2/11 | 10/1/10 – 12/31/10 | $98,787.94 | $97,233.44 [1] | $0.00 |
| 6/1/11 | 1/1/11 – 3/31/11 | $108,820.89 | $102,845.67 [2] | $0.00 |

[1] Reflects a total reduction of $1,554.50 in fees for the Second Interim Fee Period per Court Order #427 filed on April 21, 2011.
[2] Reflects a total reduction of $5,975.22 in fees and expenses for the Third Interim Fee Period per Court Order #528 filed on July 14, 2011.
[3] Reflects a total reduction of $2,625.58 in fees and expenses for the Fourth Interim Fee Period per Court Order #702 filed on October 12, 2011.
[4] Represents estimated fees associated with the preparation and prosecution of this final fee application.

US2008 1664437.1

Dated: November 7ʳ, 2011

Respectfully submitted,

By: _____

FTI CONSULTING, INC.

Samuel Star
3 Times Square, 10th Floor
New York, NY 10036
212-841-9368 (Telephone)
Samuel.star@fticonsulting.com

*Financial Advisor for the Official Committee of
Unsecured Creditors of Corus Bankshares, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-26881 (PSH)** |
| **CORUS BANKSHARES, INC.,**[1] | ) | |
| | ) | |
| | ) | **Objection Deadline: November 21,** |
| **Debtor.** | ) | **2011, 4:00 p.m., C.T.** |

**SIXTEENTH MONTHLY AND FINAL FEE APPLICATION**
**FOR COMPENSATION AND PAYMENT OF ITEMIZED CHARGES AND**
**EXPENSES TO FTI CONSULTING INC., AS FINANCIAL ADVISOR TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE**
**PERIOD FROM JUNE 28, 2010, THROUGH AND INCLUDING OCTOBER 27, 2011**

Pursuant to §§ 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy

Code"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the

*Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Its Financial*

*Advisor Retroactive to June 28, 2010* (the "Retention Order"); the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and*

*Official Committee Members* (the "Interim Compensation Order") [Docket No. 67]; the local

bankruptcy rules for the United States Bankruptcy Court for the Northern District of Illinois (the

"Local Bankruptcy Rules"); and the *United States Trustee Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S.

Trustee Guidelines"), FTI Consulting, Inc. ("FTI"), financial advisor for the Official Committee

of Unsecured Creditors (the "Committee") for Corus Bancshares, Inc. (the "Debtor"), hereby

files this its Final Application for Compensation and Payment of Itemized Charges and Expenses

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Corus
Bankshares, Inc. (3592). The location of the Debtor's corporate headquarters and the service address for the Debtor is: 10 S.
Riverside Plaza, Suite 1800, Chicago, IL 60606.

to FTI Consulting, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors

for the Period  from June 28, 2010, through and including October 27, 2011 (the "Application").

In this Application, FTI respectfully requests that this Court enter an order awarding, as

an administrative expense, the allowance and payment of interim compensation (to the extent not

already paid pursuant to the Interim Compensation Order) in the sum of $692,973.25 and

itemized charges and expenses in the sum of $7,192.52, for a total of $700,165.77 for

professional services rendered and itemized charges and other expenses incurred by FTI on

behalf of the Committee during the period from for the period from June 28, 2010, through and

including October 27, 2011 (the "Application Period").[2]  The exhibits attached to this

Application, pursuant to the Guidelines, are:

Exhibits "A" - Summary of Hours by Professional

Exhibit "B" – Summary of Hours by Task Code

Exhibit "C" – Detailed Time Entries

Exhibit "D" – Summary of Expenses by Category

Exhibit "E" – Detailed Time Entries for the Sixteenth Monthly Application Period

In support of its Application, FTI respectfully represents as follows:

## <u>JURISDICTION, VENUE AND STATUTORY PREDICATE</u>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are §§ 328, 330, and 331 of

the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 5082-1.

---

[2] Pursuant to section (b)(1)(v) of the U.S. Trustee Guidelines, the Committee has had an opportunity to review and
approve this Application, as well as each of the previous monthly and interim applications for compensation and
reimbursement for the actual and necessary expenses sought therein.

US2008 1664437.1

## **BACKGROUND**

4.      On June 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

5.      On June 28, 2010, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed five creditors to serve on the Committee in connection with this chapter 11 case.  The members of the Committee are: (i) U.S. Bank, N.A. as Indenture Trustee for Corus Statutory Trusts I, III & V; (ii) The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee for Corus Statutory Trust II, IV, VI, VIII & IX; (iii) Wilmington Trust Company, as Indenture Trustee for Corus Statutory Trusts VII, X & XIII; (iv) Wells Fargo Bank, N.A., as Indenture Trustee for Corus Statutory Trust XII; and (v) Bank of America, N.A.  as Indenture Trustee for Corus Statutory Trust XI.

6.      On June 28, 2010, the Committee, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to section 1103 of the Bankruptcy Code, selected FTI as its financial advisor.

7.      Pursuant to the Retention Order, the Committee was authorized  to retain and employ FTI, retroactive to June 28, 2010.

8.      On September 27, 2011, the court confirmed the Debtor's Joint Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Plan"), and on October 27, 2011, the Debtor consummated the Plan and emerged from chapter 11.

US2008 1664437.1

## COMPENSATION PAID AND ITS SOURCES

9.      Pursuant to the Interim Compensation Order, FTI and other professionals retained in this case are authorized to file and serve upon parties identified in the Interim Compensation Order monthly fee applications (each, a "Monthly Fee Statement").  Upon expiration of a 14-day objection period specified in the Interim Compensation Order, if no objection is received, a professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement (a "CNO").  After a CNO is filed, the Debtor is authorized and directed to pay FTI and other professionals an amount (the "Actual Monthly Payment") equal to the lesser of: (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment"); and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection.  If an objection is received, then the objecting party and the affected professional may attempt to resolve the objection on a consensual basis.  If the parties are unable to reach a resolution of the objection, the affected professional may either: (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the objection if requested by the parties.  Thereafter, at three-month intervals or at such other intervals convenient to the Court, each professional may file with the Court and serve on the required notice parties an interim request (an "Interim Fee Application Request") for Court approval and allowance of all amounts requested during that interim fee period.

4

10.     On August 27, 2010, FTI filed its First Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from June 28, 2010, through and including July 31, 2010 (the "First Monthly Statement"). In the First Monthly Statement, FTI sought approval of monthly fees in the amount of $111,290.00 and monthly expenses in the amount of $796.59.  On September 13, 2010, FTI filed a CNO regarding the First Monthly Statement.  With respect to the First Monthly Statement, FTI has been paid fees in the amount of $111,290.00 and expenses in the amount of $796.59.

11.     On September 30, 2010, FTI filed its Second Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from August 1, 2010, through and Including August 31, 2010 (the "Second Monthly Statement"). In the Second Monthly Statement, FTI sought approval of monthly fees in the amount of $81,756.00 and monthly expenses in the amount of $878.98. On October 19, 2010, FTI filed a CNO regarding the Second Monthly Statement.  With respect to the Second Monthly Statement, FTI has been paid fees in the amount of $81,756.00 and expenses in the amount of $878.98.

12.     On October 29, 2010, FTI filed its Third Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from September 1, 2010, through and Including September 30, 2010 (the "Third Monthly Statement"). In the Third Monthly Statement, FTI sought approval of monthly fees in the amount of $34,868.50 and monthly expenses in the amount of $791.32.   On November 15, 2010, FTI filed a CNO regarding the Third Monthly Statement.  With respect to the Third Monthly Statement, FTI has been paid fees in the amount of $34,868.50 and expenses in the amount of $791.32.

13.     On November 24, 2010, FTI filed its Fourth Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from October 1,

5

2010 through and including October 31, 2010 (the "Fourth Monthly Statement"). In the Fourth

Monthly Statement, FTI sought approval of monthly fees in the amount of $31,558.50 and

monthly expenses in the amount of $0.00. On December 10, 2010, FTI filed a CNO regarding

the Fourth Monthly Statement. With respect to the Fourth Monthly Statement, FTI has been paid

fees in the amount of $31,051.00 and expenses in the amount of $0.00.

14.     On December 14, 2010, FTI filed its Fifth Monthly Application for

Compensation and Payment of Itemized Charges and Expenses for the Period from November 1,

2010 through and including November 30, 2010 (the "Fifth Monthly Statement"). In the Fifth

Monthly Statement, FTI sought approval of monthly fees in the amount of $50,331.50 and

monthly expenses in the amount of $27.44. On December 29, 2010, FTI filed a CNO regarding

the Fifth Monthly Statement. With respect to the Fifth Monthly Statement, FTI has been paid

fees in the amount of $49,284.50 and expenses in the amount of $27.44.

15.     On January 28, 2011, FTI filed its Sixth Monthly Application for Compensation

and Payment of Itemized Charges and Expenses for the Period from December 1, 2010 through

and including December 31, 2010 (the "Sixth Monthly Statement"). In the Sixth Monthly

Statement, FTI sought approval of monthly fees in the amount of $16,870.50 and monthly

expenses in the amount of $0.00. On February 18, 2011, FTI filed a CNO regarding the Sixth

Monthly Statement. With respect to the Sixth Monthly Statement, FTI has been paid fees in the

amount of $16,780.50 and expenses in the amount of $0.00.

16.     On March 2, 2011, FTI filed its Seventh Monthly Application for Compensation

and Payment of Itemized Charges and Expenses for the Period from January 1, 2011 through and

including January 31, 2011 (the "Seventh Monthly Statement"). In the Seventh Monthly

Statement, FTI sought approval of monthly fees in the amount of $22,171.50 and monthly

6

expenses in the amount of $2,587.47.  On March 18, 2011, FTI filed a CNO regarding the

Seventh Monthly Statement.  With respect to the Seventh Monthly Statement, FTI has been paid

fees in the amount of $18,519.50 and expenses in the amount of $2,473.47.

17.     On April 20, 2011, FTI filed its Eight Monthly Application for Compensation

and Payment of Itemized Charges and Expenses for the Period from February 1, 2011 through

and including February 28, 2011 (the "Eight Monthly Statement").  In the Eight Monthly

Statement, FTI sought approval of monthly fees in the amount of $35,750.00 and monthly

expenses in the amount of $331.42.  On May 16, 2011, FTI filed a CNO regarding the Eight

Monthly Statement.  With respect to the Eight Monthly Statement, FTI has been paid fees in the

amount of $35,571.00 and expenses in the amount of $224.20.

18.     On May 16, 2011, FTI filed its Ninth Monthly Application for Compensation and

Payment of Itemized Charges and Expenses for the Period from March 1, 2011 through and

including March 31, 2011 (the "Ninth Monthly Statement").  In the Ninth Monthly Statement,

FTI sought approval of monthly fees in the amount of $47,980.50 and monthly expenses in the

amount of $0.00.  On May 31, 2011, FTI filed a CNO regarding the Ninth Monthly Statement.

With respect to the Ninth Monthly Statement, FTI has been paid fees in the amount of

$46,057.50 and expenses in the amount of $0.00.

19.     On June 1, 2011, FTI filed its Tenth Monthly Application for Compensation and

Payment of Itemized Charges and Expenses for the Period from April 1, 2011, through and

including April 30, 2011 (the "Tenth Monthly Statement").  In the Tenth Monthly Statement,

FTI sought approval of monthly fees in the amount of $34,083.00 and monthly expenses in the

amount of $229.84.  On June 16, 2011, FTI filed a CNO regarding the Tenth Monthly Statement.

US2008 1664437.1

With respect to the Tenth Monthly Statement, FTI has been paid fees in the amount of $32,832.50 and expenses in the amount of $30.92.

20.     On June 30, 2011, FTI filed its Eleventh Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from May 1, 2011, through and including May 31, 2011 (the "Eleventh Monthly Statement").  In the Eleventh Monthly Statement, FTI sought approval of monthly fees in the amount of $38,448.50 and monthly expenses in the amount of $0.00. On July 21, 2011, FTI filed a CNO regarding the Eleventh Monthly Statement.  With respect to the Eleventh Monthly Statement, FTI has been paid fees in the amount of $37,272.00, and expenses in the amount of $0.00.

21.     On August 9, 2011, FTI filed its Twelfth Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from June 1, 2011, through and Including June 30, 2011 (the "Twelfth Monthly Statement").  In the Twelfth Monthly Statement, FTI sought approval of monthly fees in the amount of $43,765.00 and monthly expenses in the amount of $10.00.  On August 23, 2011, FTI filed a CNO regarding the Twelfth Monthly Statement.  With respect to the Twelfth Monthly Statement, FTI has been paid fees in the amount of $43,765.00, and expenses in the amount of $10.00.

22.     On August 26, 2011, FTI filed its Thirteenth Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from July 1, 2011, through and Including July 31, 2011 (the "Thirteenth Monthly Statement").  In the Thirteenth Monthly Statement, FTI sought approval of monthly fees in the amount of $72,663.50 and monthly expenses in the amount of $29.76.   On September 13, 2011,  FTI filed a CNO regarding the Thirteenth Monthly Statement.  With respect to the Thirteenth Monthly Statement, FTI has been paid fees in the amount of $58,130.80, and expenses in the amount of $29.76.

US2008 1664437.1

23.     On October 3, 2011, FTI filed its Fourteenth Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from August 1, 2011, through and Including August 31, 2011 (the "Fourteenth Monthly Statement").  In the Fourteenth Monthly Statement, FTI sought approval of monthly fees in the amount of $19,359.50 and monthly expenses in the amount of $0.00.  On October 19, 2011, FTI filed a CNO regarding the Fourteenth Monthly Statement.  With respect to the Fourteenth Monthly Statement FTI has been paid fees in the amount of $15,487.60, and expenses in the amount of $0.00.

24.     On October 25, 2011, FTI filed its Fifteenth Monthly Application for Compensation and Payment of Itemized Charges and Expenses for the Period from September 1, 2011, through and Including September 30, 2011 (the "Fifteenth Monthly Statement").  In the Fifteenth Monthly Statement, FTI sought approval of monthly fees in the amount of $31,077.75 and monthly expenses in the amount of $1,509.70.  To date, FTI has not received any payments with respect to the Fifteenth Monthly Statement.

## SIXTEENTH MONTHLY FEE APPLICATION

25.     FTI seeks the allowance of compensation for professional services rendered for and on behalf of the Committee for the period of October 1, 2011 through October 27, 2011 ("the Sixteenth Monthly Period").

Specifically, FTI seeks an allowance and payment of $15,999.00 for professional services rendered to and on behalf of the Committee during the Sixteenth Monthly Period.  Detailed time entries are annexed hereto as Exhibit E.   During the Sixteenth Monthly Period, FTI prepared analysis regarding potential initial recoveries estimated under various scenarios.  In addition, FTI

9

reviewed and analyzed multiple distribution mechanics proposals.  FTI presented its findings to

Counsel and the Committee.

## NOTICE

26.    In accordance with the Interim Compensation Order, FTI has served this

Application upon: (a) the Debtor: Corus Bankshares, Inc., 10 S. Riverside Plaza, Suite 1800,

Chicago, IL 60606, Attn: Chief Financial Officer; (b) counsel to the Debtor, Kirkland & Ellis

LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Jeffrey W. Gettleman, (c) counsel

to the Committee, Kilpatrick Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia

30309; and (d) the Office of the United States Trustee for the Northern District of Illinois, 219

South Dearborn Street, Suite 873, Chicago, Illinois 60604, Attn: Richard C. Friedman.

(collectively, the "Notice Parties").  The Application was also served electronically upon those

entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of

Bankruptcy Procedure.  Each Committee member was also served with the Application.  FTI

submits that such notice is appropriate and proper.

## REQUESTED RELIEF

27.    All of the services for which compensation is requested herein by FTI were

performed for or on behalf of the Committee and not on behalf of any other person or entity.

28.    In accordance with Rule 2016(a) of the Bankruptcy Rules and section 504 of the

Bankruptcy Code, there is no agreement or understanding between FTI and any other person,

other than members of the firm, for the sharing of compensation to be received for services

rendered in this case.

10

## SUMMARY OF PROFESSIONAL SERVICES
## <u>RENDERED DURING THE APPLICATION PERIOD</u>

29.     During the Application Period, FTI expended 981.8 hours in the performance of
its duties as financial advisor for the Committee.   A description of the significant work
performed by FTI during the Application Period, itemized in accordance with its task-specific
categories, is as follows:

**<u>1 - Current Operating Results and Events</u>**:   FTI reviewed presentations made to the
Indenture Trustees pre-petition in order to understand and assess progress with regards to
the potential investor identification process, cost saving measures, and development of
restructuring alternatives.   FTI presented a report to the Committee on its observations
with regard to the Debtor's activities and other strategic actions being contemplated
during this time frame.

**<u>2 - Cash and Liquidity Analysis</u>**:   FTI analyzed the Debtor's 2010 and 2011 monthly
cash flow budgets. This included a review of the Debtor's assumptions upon which its
projections of forecasted receipts and disbursements were based, including but not
limited to, salaries and benefits, SERP payments, directors fees, insurance expenses, and
professional fees.   FTI further analyzed the Debtor's professional fees and expenses in
order to prepare an analysis of projected monthly run rates.   FTI advised the Committee
on the risks implicit in the Debtor's cash projections.

**<u>10 - Analysis of Tax Issues:</u>**   FTI reviewed and analyzed issues pertaining to the
Debtor's tax attributes, including the Debtor's tax refunds, its worthless stock deduction,
and its net operating loss carryback and carryforward calculations.   FTI reviewed the
FDIC, the IRS, and the Bankruptcy Court's positions on the ownership of tax refunds and
related FDIC claims in similar bank holding company cases.   The results of these

11

analyses were important to assess various exit strategies. FTI also assessed the tax disclosures in the Disclosure Statement.

**16 - Analysis, Negotiation and Formulation of POR & DS:** FTI reviewed and assessed various exit strategies and restructuring options including a reorganization, a proposed equitization plan, and a liquidation plan. FTI's review included assessing the costs and benefits to the various constituencies of a reorganization plan and a plan of liquidation under various scenarios and the conditions needed for a plan of reorganization to be feasible. FTI also analyzed recoveries to the Debtor's creditors under such scenario. Furthermore, in coordination with the Debtor's efforts, FTI researched the structures of the 13 statutory trusts and reviewed the underlying trust and CDO documents to understand the voting mechanics and potentially acceptable restructuring options for the various debt issuances. As part of this research, FTI contacted various collateral managers and CDO trustees. FTI worked closely with counsel in reviewing and providing comments to various proposed term sheets, Plan Support Agreements, PORs, and Disclosure Statements. Such review and analysis was conducted under both the liquidation plan and the subsequent reorganization plan that were filed with the court. FTI also reviewed various Disclosure Statement and Plan objections and developed suggestions for potential resolutions. FTI proposed additional disclosures regarding ranges of recoveries to creditors under both the Cash Election and the Stock Election scenarios. FTI also reviewed and analyzed the Debtors proposed settlement offer to the PBGC. FTI reviewed and analyzed distribution mechanics as proposed by the Debtor and prepared recovery models to reflect cash distributions based on actual voting results. FTI presented its findings to Counsel and the Committee during in person and telephonic

12

meetings.

**17 - Wind Down Monitoring:** FTI worked with the Debtor and Counsel to review and coordinate the transition of wind-down work streams to the proposed Liquidating Trustee. FTI also prepared a wind-down budget to analyze projected receipts and disbursements.

**19 - Case Management:** Such activities include overall project coordination and proper allocation of resources to ensure services were provided in the most efficient and cost effective manner.

**20 - General Meetings with Debtor and Debtor's Professionals:** Services rendered in this code included participating in meetings and conference calls with the Debtor and its advisors. These meetings were necessary to discuss, among other things, current case status and strategy, cash flow and liquidity, the investor process, tax strategy, plan of reorganization issues, distribution mechanics, D&O policy payments, transition planning, as well as other case issues relevant to preparing a plan of reorganization. FTI updated the Committee on such issues, as well as the proposed resolutions.

**21 - General Meetings with UCC and UCC Counsel:** FTI worked with Committee Counsel in the preparation and presentation of materials for scheduled meetings with the Committee during which FTI provided advice and updates on various issues including exit strategy, tax strategy, employee compensation, professional fees, the investor process, FDIC claims, PBGC issues and claims, exclusivity extensions, POR and Disclosure Statement, Plan objections, Plan Support Agreement, creditor voting issues, Plan administrator agreement, Plan administrator candidates, transition planning, potential day one and total recovery estimates, potential confirmation issues and go forward strategy.

US2008 1664437.1

## COMPLIANCE WITH APPLICABLE LAWS AND RULES
## <u>REGARDING FEE AND EXPENSE APPLICATIONS</u>

30.     Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—
>    (A) reasonable compensation for actual, necessary services rendered by ... such person; and
>    (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

31.     Pursuant to section 330:

[P]rofessionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

<u>In re Grabill Corp.</u>, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (citations omitted).

32.     In assessing the reasonableness of professional fees under section 330, Judge

Squires considered the following factors:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the [professional] due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the [professional]; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>In re McNichols</u>, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

33.     Regardless of the significance of certain individual factors in determining the

value of professional services, the Court should primarily focus its attention upon the

reasonableness of the services provided to the estate.  <u>See Steinlauf v. Continental Illinois Corp.</u>

<u>(In re Continental Illinois Sec. Litig.)</u>, 962 F.2d 566, 572 (7th Cir. 1992) (the object in awarding

14

US2008 1664437.1

a reasonable professional's fee is to give the professional what he would have gotten in an arms'

length negotiation); In re Boston and Maine Corp., 776 F.2d 2, 10 (1st Cir. 1985) ("[I]t is

important for a court to maintain a sense of overall proportion and not become enmeshed in

meticulous analysis of every detailed facet of the professional representation.").

## APPLICATION OF RELEVANT CRITERIA AND
## STANDARDS TO THIS COMPENSATION REQUEST

34.     In applying the criteria set forth above to this request for compensation, the Court

should consider foremost the effort required and expended by FTI, the reasonableness of the

services rendered and the results achieved. All of the services performed by FTI were required in

order for FTI to properly advise the Committee in this case, and, to the extent necessary, were

authorized by the Court and were performed by FTI at the request and direction of the

Committee.  Pursuant to Section 331 of the Bankruptcy Code and the generally applicable

criteria of the time, nature, extent and value of the services performed, all of FTI's services are

compensable.

35.     The amount of services rendered by FTI to achieve the results obtained for the

benefit of the estate's creditors was reasonable in light of the complexity of the issues involved in

this case.  The experience and expertise in bankruptcy cases and the quality of the services

brought to this case by FTI further supports the requested compensation.  FTI has charged the

estate the normal and customary hourly rates for similar services rendered in like circumstances

to other clients. Furthermore, the rates at which FTI seeks compensation are its standard hourly

rates. The rates are comparable to the rates charged by other practitioners of similar experience,

competence and standing in the community. FTI submits that its hourly rates and hours for which

compensation is sought are reasonable and appropriate.  The compensation request is well within

15

an acceptable range for comparable services and is reasonable given the efforts required of FTI

in this case.

## COMPLIANCE WITH APPLICABLE LAWS AND RULES
## REGARDING FEE AND EXPENSE APPLICATIONS

♦     <u>Task-Code Categories</u>:   The professional services rendered by FTI are allocated

pursuant to applicable task-code categories.

♦     <u>Time Entry Format</u>:   FTI's time entries contain information regarding the billing

party providing services, a narrative summary of the work performed, and an itemization (in one-

tenth hour increments) of the number of hours expended in performing such services.

Additionally, each time entry reflects the amount of compensation requested in connection with

such time entry.

♦     <u>Chronology</u>:   FTI's time entries are arranged in chronological order under the

appropriate project category.

## FINAL FEE APPLICATION

36.     This Application requests professional fees in the aggregate amount of

$692,973.25 and actual and necessary expenses in the amount of $7,192.52 of which

$612,756.40 and $5,262.68, respectively, has been paid by the Debtors in accordance with the

Administrative Order.   Included in the requested amount is $5,000.00 which represents the

estimated fees to prepare and prosecute this Application.

16

37.    Receipts of various itemized charges and other expenses are not attached to this

Application. Copies of receipts are available to parties in interest upon request.

38.    FTI reserves the right to correct, amend, or supplement the Application until such

time as final compensation and reimbursement is sought from this estate.

**WHEREFORE,** FTI respectfully requests:

(a)    that the Court enter an order providing for the Application Period, a final allowance

to FTI in the sum of $692,973.25 for fees and $7,192.52 for expense reimbursement.

Furthermore, FTI requests that the Debtors be authorized and directed to pay the outstanding

$70,481.35 for fees and $1,509.70 for expense reimbursement for the period from June 28, 2010,

through and including October 27, 2011;

(b)    that the Court approves and directs payment by the Debtor to FTI

of the amounts so awarded (to the extent not already paid in accordance with the Interim

Compensation Order);

(c)    and that the Court grant such other and further relief as is just and proper under the

circumstances.

Dated: November 7 ,2011                    Respectfully submitted,

                                           By: _____

                                           FTI CONSULTING, INC.
                                           Samuel Star
                                           3 Times Square, 10th Floor
                                           New York, NY 10036
                                           212-841-9368 (Telephone)
                                           Samuel.star@fticonsulting.com

                                           *Financial Advisor for the Official Committee*
                                           of Unsecured Creditors of Corus Bankshares, Inc.

17

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 10-26881 (PSH)** |
| **CORUS BANKSHARES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **STATE OF NEW YORK** | ) | |
| **COUNTY OF NEW YORK** | ) | |

### DECLARATION

Samuel Star, after being duly sworn according to law, deposes and says:

1.       I am Senior Managing Director with the applicant firm, FTI Consulting, Inc.

2.       I have personally performed certain of the professional services rendered by FTI

Consulting, Inc. as financial advisor to the Committee and am familiar with the other work

performed on behalf of the Committee by professionals in the firm.

3.       The facts set forth in the foregoing application are true and correct to the best of my

knowledge, information, and belief.

_____

Samuel Star, Senior Managing Director

SUBSCRIBED AND SWORN TO me this 7ᵗʰ day of November 2011.

_Yolanda LaGuerra_
Notary Public
My Commission Expires _January 28, 2015_

YOLANDA LaGUERRA
Notary Public, State of New York
No. 01LA4877093 New York
Certificate Filed in New York County
Commission Expires January 28, 2015