FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
NOV 1 0 2011
KENNETH S. GARDNER, CLERK
PS REP. - LR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 10-26881 (PSH) |
| CORUS BANKSHARES, INC.,[1] | ) | |
| | ) | Objection Deadline: November 25, 2011 at 4:00 p.m. |
| | ) | |
| Debtor. | ) | Hearing Date: December 1, 2011 at 10:30 a.m. |

### FINAL FEE APPLICATION OF NEAL, GERBER & EISENBERG LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CORUS BANKSHARES, INC., FOR THE PERIOD FROM JUNE 28, 2010 THROUGH AND INCLUDING OCTOBER 27, 2011

Pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Article XI.A of the *Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (With Technical Modifications)* [Docket No. 689-1] (the "Plan"); the *Order Authorizing and Approving the Employment of Neal, Gerber & Eisenberg LLP as Counsel to the Official Committee of Unsecured Creditors of Corus Bankshares, Inc., Retroactive to June 28, 2010* [Docket No. 97] (the "Retention Order"); the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* [Docket No. 67] (the "Interim Compensation Order"); the local bankruptcy rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules"); and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines"),

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Corus Bankshares, Inc. (3592). The location of the Debtor's corporate headquarters and the service address for the Debtor is: 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606.

Neal, Gerber & Eisenberg LLP ("NGE"), counsel for the Official Committee of Unsecured Creditors (the "Committee") for Corus Bankshares, Inc. (the "Debtor"), hereby applies for (the "Application") allowance and payment of compensation and expenses as follows:

(a)    allowance and payment of compensation in the sum of $8,982.00 for professional services rendered and itemized charges and other expenses incurred by NGE on behalf of the Committee during the period from October 1, 2011, through and including October 27, 2011 (the "Current Application Period");

(b)    allowance and payment of the estimated compensation, charges and expenses in the sum of $4,811.50[2] for professional services to be rendered and charges and other expenses to be incurred by NGE in connection with the preparation, filing and attendance at the hearing on this Application (the "Estimated Compensation and Expenses"), the time entries are attached hereto as Exhibit "S"; and

(c)    final allowance and payment of compensation in the sum of $247,353.70 and itemized charges and expenses in the sum of $490.49, for a total of $247,844.19 for professional services rendered and itemized charges and other expenses incurred by NGE on behalf of the Committee during the period from June 28, 2010, through and including October 27, 2011 (the "Final Application Period");

Attached to this Application as Exhibits "A" through "P" are the exhibits to applicant's monthly fee statements containing complete time records, in chronological order, by activity code category.  NGE's 15 monthly fee statements contain the narratives for these time entries and were previously filed with the Court.

---

[2] The estimated fees of $4,811.50 were calculated as follows: fees incurred from October 28, 2011 through and including November 10, 2011, in the amount of $3,471.50, plus the estimated fees for Mr. Berkoff, of $1,340.00, for one hour of preparation for the final hearing and one hour attending the final hearing on December 1, 2011.

2

## I.    JURISDICTION, VENUE AND STATUTORY PREDICATE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  In addition, this Court retained jurisdiction to consider this matter pursuant to Article XI.A of the Plan and paragraph 18 of the Order Confirming the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 689] (the "Confirmation Order").  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 5082-1.

## II.    BACKGROUND

### The Committee

4.    On June 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of title 11 of the Bankruptcy Code.  On June 28, 2010, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed five creditors to serve on the Committee in connection with this chapter 11 case.  The members of the Committee were: (a) U.S. Bank, N.A., as Indenture Trustee for Corus Statutory Trusts I, III & V; (b) The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee for Corus Statutory Trust II, IV, VI, VIII & IX; (c) Wilmington Trust Company, as Indenture Trustee for Corus Statutory Trusts VII, X & XIII; (d) Wells Fargo Bank, N.A., as Indenture Trustee for Corus Statutory Trust XII; and (e) Bank of America, N.A.,  as Indenture Trustee for Corus Statutory Trust XI.  On March 21, 2011, Bank of America resigned as a member of the Committee [Docket No. 385].

NGEDOCS: 1849997.2

5.      On June 28, 2010, the Committee, in connection with the exercise of its powers and the performance of the duties conferred upon it, pursuant to section 1103 of the Bankruptcy Code, selected NGE as its counsel.

6.      Pursuant to the Retention Order, the Committee was authorized to retain and employ NGE, retroactive to June 28, 2010.

**The Chapter 11 Cases**

7.      Following extensive discussions between the Debtor and the Committee regarding the terms of a plan of liquidation, the Debtor filed the *Debtor's Amended Plan Under Chapter 11 of the Bankruptcy Code* [Docket No. 285] on December 15, 2010, which proposed the orderly wind down and liquidation of the Debtor.   On December 16, 2010, the Bankruptcy Court approved the disclosure statement for this proposed liquidation plan [Docket No. 303], and on December 23, 2010, the Debtor commenced solicitation for the liquidation plan [Docket No. 322].  Subsequently six creditors holding claims in the principal amount of approximately $166 million (including Tricadia CDO Management, LLC and Mariner – Tricadia Credit Strategies Master Fund, Ltd. (collectively, "Tricadia")) voted to reject the Debtor's proposed liquidation plan.

8.      In the wake of this rejection of the proposed liquidation plan by the Debtor's creditors, extensive discussions ensued amongst the Debtor, the Committee and Tricadia about the propriety of a plan of liquidation, and proposed plan modifications.   Ultimately, after numerous discussions and extensive analysis of costs and benefits of a plan of liquidation and a plan of reorganization, Tricadia and a majority of the other creditors who had voted to reject the liquidation plan, plus one additional creditor (collectively, the "Plan Support Parties"), determined that a plan of reorganization would best maximize value for the Debtor's estate.   On

4

May 3 and May 4, 2011, the Plan Support Parties delivered to the Debtor letters informing the Debtor that they supported a reorganization and attached a term sheet setting forth the material terms of that reorganization.

9.      The Debtor, Tricadia and the Committee thereafter negotiated the terms of a reorganization plan and, on July 26, 2011, the Debtor filed a disclosure statement (as amended, the "Disclosure Statement") and attached, as an exhibit, a draft of the negotiated plan of reorganization (i.e., the Plan) [Docket No. 553].  Thereafter, on July 28, 2011, the Bankruptcy Court entered the *Order Approving: (A) the Adequacy of the Debtor's Disclosure Statement; (B) Solicitation and Notice Procedures With Respect to Confirmation of the Debtor's Proposed Plan of Reorganization; (C) the Forms of Various Ballots and Notices in Connection therewith; and (D) the Scheduling of Certain Dates With Respect Thereto* [Docket No. 575] (the "Disclosure Statement Order").   In accordance with Disclosure Statement Order and the solicitation procedures approved thereunder, the Debtor provided ballots to certain of its stakeholders to solicit votes to accept or reject the Plan.  A majority of the stakeholders who submitted ballots voted in favor of the Plan. See [Docket No. 663].

10.     Following a hearing held on September 27, 2011, the Court entered the Confirmation Order confirming the Plan.  The effective date of the Plan was October 27, 2011 (the "Effective Date").

**III.    NGE'S RETENTION**

11.     As described above, the Committee retained NGE as its counsel in this bankruptcy case.   NGE was selected for this engagement because its attorneys are knowledgeable and experienced in bankruptcy law and the Committee determined that NGE had the resources and experience necessary to represent it in this case.

NGEDOCS: 1849997.2

12.     While a more detailed summary of the various services, segregated according to project billing categories, is set forth below, NGE's services generally included, but were not limited to, the following:

a.     assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this case;

b.     assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, and participating in and reviewing any proposed asset sales and any asset dispositions;

c.     assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

d.     assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operation and the desirability of the continuance of any portion of its operation, and any other matters relevant to this case or to the formulation of a plan;

e.     assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

f.     advising the Committee on the issues concerning the appointment of a trustee or examiner under Section 1104;

g.     assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

6

h.    assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions;

i.    appearing in Court on behalf of the Committee and attending meetings in person or telephonically at the request or direction of the Committee; and

j.    providing such other services to the Committee as were necessary or requested from time to time in this case.

## IV.    NGE'S MONTHLY AND INTERIM FEE APPLICATIONS

13.    This Application covers the period from June 28, 2010, through and including October 27, 2011. As illustrated in greater detail in the tables set forth in the Cover Sheet to this Application, NGE has filed with this Court a total of fifteen previous applications for payment of fees and expenses and four interim fee requests. These previous monthly fee applications covered the period June 28, 2010 through September 30, 2011. The previous interim fee applications covered the period June 28, 2010 through June 30, 2011. The total amount previously sought was $239,384.49 and the total amount previously awarded was $213,461.79.[3] All amounts received were paid directly by the Debtor to NGE upon approval of the particular monthly or interim application. NGE has received no payment thus far with respect to the fees and expenses sought in the Current Application Period.

14.    Each monthly application and interim application has been in full compliance with the Bankruptcy Code, the Bankruptcy Rules, the Retention Order, the Interim Compensation order, the Local Bankruptcy Rules and the U.S. Trustee Guidelines.

15.    There have been no objections to any of the monthly applications.

---

[3]  NGE has filed it's monthly application for the period September 1, 2011 through September 30, 2011 and filed its certification of no objection on November 8, 2011. NGE has received no payment thus far with respect to the fees sought in the September, 2011 monthly application.

7

NGEDOCS: 1849997.2

## V.     THE PLAN AND ACCRUED PROFESSIONAL COMPENSATION

16.     As set forth above, on the Effective Date, the Committee was deemed to have been dissolved and the retention and employment of professionals retained by the Committee, including NGE, was deemed to have been terminated. See Plan at Article IV.M

17.     In addition, pursuant to the Plan, NGE is authorized to file an application for payment of its "Accrued Professional Compensation" at any time prior to 60 days after the Effective Date. See Plan at Article XI.A. Accrued Professional Compensation is defined in the Plan as:

> at any given moment, all accrued and/or unpaid fees and expenses . . . for legal, financial advisory, accounting and other services and reimbursement of expenses that are awardable and allowable under sections 328, 330(a) or 331 of the Bankruptcy Code or otherwise is rendered prior to the Effective Date, or thereafter in connection with, and only with (x) applications Filed pursuant to section 330 and 331 of the Bankruptcy Code and (y) motions seeking the enforcement of the provisions of the Plan or Confirmation Order, by all Professions in the Chapter 11 Case that the Bankruptcy Court has not denied by a Final Order, to the extent that any such fees and expenses have not previously been paid regardless of whether a fee application has been filed for any such amount.

Plan at Article I.A.2. Accordingly, pursuant to this Application, NGE is seeking approval and payment of Accrued Professional Compensation for the period from June 28, 2010 (the effective date of NGE's retention), through and including October 27, 2011 (the Effective Date of the Plan) and with respect to Estimated Compensation and Expenses, in connection with NGE 's preparation, filing and attendance at the hearing on this Application.

## VI.    REQUESTED RELIEF

18.     By this Application, NGE seeks final approval of the following Accrued Professional Compensation:    (a) compensation and expenses incurred during the Current

NGEDOCS: 1849997.2

Application Period (i.e., October 1, 2011 – October 27, 2011), in the amount of $8,982.00; (b) compensation and expenses in the amount of $4,811.50 on account of the Estimated Compensation and Expenses; and (c) compensation and expenses incurred during the Final Application Period (i.e., June 28, 2010 – October 27, 2011), in the amount of $247,353.70 in compensation and $490.49 in itemized charges and expenses, for a total of $247,844.19, which includes the amount set forth in (a) and (b) above (to the extent not already paid pursuant to previously approved monthly or interim fee applications).

## VII.   NOTICE

19.   In accordance with the Confirmation Order, NGE has served this Application upon: (a) the Debtor: Corus Bankshares, Inc., 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606, Attn: Steven J. Antal, Esq; (b) counsel to the Debtor, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Jeffrey W. Gettleman; (c) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Suite 873, Chicago, Illinois 60604, Attn: M. Gretchen Silver and (d) counsel to Tricadia: Duane Morris LLP, 1540 Broadway, New York, New York 10035, Attn: Gerard S. Catalanello, Esq. and John R. Weiss, Esq. (collectively, the "**Notice Parties**"). The Application was also served electronically upon those entities having requested notices in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Each Committee member was also served with the Application. NGE submits that such notice is appropriate and proper.

## VIII.   NATURE OF LEGAL SERVICES PERFORMED BY NGE

20.   NGE has served as counsel to the Committee at all times during this case and NGE attorneys have devoted substantial time to numerous and complex legal matters. All services and costs for which compensation is requested by NGE in this Application were

reasonable and necessary and were performed for and on behalf of the Committee, and not for or on behalf of any other person.

21.     All of the professional services that NGE rendered to the Committee during the Application Period are set forth in detail in Exhibits "A" through "P" segregated according to project billing categories pursuant to Local Rule 5082-1, and are summarized below.

### A. Asset Analysis and Recovery – 0001:
(Total Hours: 1.00, Total Fees: $460.00)

22.     During this Application Period, NGE professionals reviewed the Information Sharing Procedures Motion and conferred with co-counsel providing comments.

23.     In connection with the foregoing, NGE attorneys expended 1.00 hour for which NGE seeks interim compensation of $460.00. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Deborah M. Gutfeld | 1.00 | $460.00 |
| Total | 1.00 | $460.00 |

### B. Business Operations – 0003: (Total Hours: 0.30, Total Fees: $193.50)

24.     During this Application Period, NGE professionals reviewed Debtor's Motion to Assume Lease and conferred with co-counsel regarding same.

25.     In connection with the foregoing, NGE attorneys expended 0.30 hours for which NGE seeks interim compensation of $193.50. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

NGEDOCS: 1849997.2

| Name | Hours | Value |
|---|---|---|
| Mark A. Berkoff | 0.30 | $193.50 |
| **Total** | **0.30** | **$193.50** |

### C. Case Administration – 0004: (Total Hours: 74.70, Total Fees: $37,999.00)

26.   During this Application Period, NGE attorneys prepared for and participated in teleconferences with the Committee, co-counsel to the Committee, the Debtor and Debtor's professionals regarding all aspects of this case.   NGE professionals reviewed, among other things, correspondence, pleadings, agendas, transcripts, orders, budgets, term sheets, reports, charts, minutes, financial reports, case law, presentations, operating reports, revisions to plan documents, and correspondence regarding Tricadia.   In addition, NGE professionals drafted, reviewed and revised by-laws; drafted and coordinated the filing of pleadings; and attended hearings.   NGE attorneys conferred regarding, among other things, strategy, the Debtor's cash budgets, draft motions, exclusivity, plan revisions, proposed orders, the FDIC litigation and developments in the case.   Additionally, NGE attorneys prepared for and attended Committee calls and hearings and responded to creditor telephone calls and correspondence.

27.   In connection with the foregoing, NGE professionals expended 74.70 hours for which NGE seeks compensation of $37,999.00.  An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P."  A general breakdown is as follows:

| Name | Hours | Value |
|---|---|---|
| Mark A. Berkoff | 30.70 | $19,951.50 |
| Deborah M. Gutfeld | 31.50 | $14,512.50 |
| Nicholas M. Miller | 3.5 | $1,435.00 |
| Nina Taylor Brody | 8.60 | $2,064.00 |
| Kevin J. Augusta | 0.40 | $36.00 |
| **Total** | **74.70** | **$37,999.00** |

NGEDOCS: 1849997.2

**D.  Claims Administration and Objections – 0005:**
(Total Hours: 5.00; Total Fees: $2,375.00)

28.    During this Application Period, NGE professionals reviewed omnibus claims

objections filed by the Debtor and related creditor responses and prepared for and attended the

hearing on omnibus claim objections.

29.    In connection with the foregoing, NGE professionals expended 5.00 hours for

which NGE seeks compensation of $2,375.00.  An itemized breakdown of the services rendered

to the Committee is attached hereto as Exhibits "A" through "P."  A general breakdown is as

follows:

| Name | Hours | Value |
|------|-------|-------|
| Deborah M. Gutfeld | 5.00 | $2,375.00 |
| **Total** | **5.00** | **$2,375.00** |

**E.  Fee/Employment Applications – 0007:**
(Total Hours: 171.00; Total Fees: $58,583.50)

30.    During this Application Period, NGE professionals reviewed applications of other

professionals, coordinated the filing of applications for pro hac vice admission, drafted NGE's

retention application, reviewed conflicts regarding same, and conferred with the United States

Trustee, FTI and co-counsel regarding objections to FTI's retention application, drafted NGE's

monthly and interim fee applications, drafted certificates of no objections, drafted fee orders,

reviewed applications of other professionals, reviewed fee award orders, conferred with the U.S.

Trustee and co-counsel regarding fee guidelines and coordinated with co-counsel and FTI

regarding filing and service of fee applications and certificates of no objection.  NGE attorneys

prepared for and attended the hearings on interim requests, and corresponded with co-counsel

regarding fee applications, corresponded with opposing counsel regarding final fee applications

and related logistics.  NGE professionals also prepared this final fee application.  NGE is also

requesting that this Court authorize and allow a total of $4,811.50 for the preparation and filing

of the final fee application.

31.   In connection with the foregoing, NGE professionals expended 171.00 hours for

which NGE seeks compensation of $58,583.50.   An itemized breakdown of the services rendered

to the Committee is attached hereto as Exhibits "A" through "P."   A general breakdown is as

follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 18.20 | $11,779.00 |
| Deborah M. Gutfeld | 40.80 | $19,051.50 |
| Nicholas M. Miller | 2.00 | $820.00 |
| Nina Taylor Brody | 109.20 | $26,851.00 |
| R. Scott Johnson | 0.40 | $46.00 |
| Kevin J. Augusta | 0.40 | $36.00 |
| **Total** | **171.00** | **$58,583.50** |

**F.  Fee/Employment Objections – 0008:**
(Total Hours: 0.40: Total Fees: $184.00)

32.   During this Application Period, NGE attorneys conferred with the U.S. Trustee

and FTI regarding informal objections to FTI's monthly statement.

33.   In connection with the foregoing, NGE attorneys expended 0.40 hours for which

NGE seeks compensation of $184.00.   An itemized breakdown of the services rendered to the

Committee is attached hereto as Exhibits "A" through "P."   A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Deborah M. Gutfeld | 0.40 | $184.00 |
| **Total** | **0.40** | **$184.00** |

**G.  Financing – 0009:** (Total Hours: 0.70; Total Fees: $322.00)

34.   During this Application Period, NGE attorneys reviewed correspondence

regarding FTI's financial projections and work plan.

35.     In connection with the foregoing, NGE attorneys expended 0.70 hours for which NGE seeks compensation of $322.00. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Deborah M. Gutfeld | 0.70 | $322.00 |
| **Total** | **0.70** | **$322.00** |

**H. Litigation – 0010**: (Total Hours: 8.90; Total Fees: $4,612.00)

36.     During this Application Period, NGE attorneys reviewed and commented on the Committee's Motion to Intervene, Debtor's Objection to Motion to Intervene and supplemental briefing, Motion to Withdraw Reference and Debtor's Reply to Committee's exclusivity objection and Debtor's Amended Complaint in the FDIC adversary, as well as pleadings in the Tracy Jones litigation. NGE attorneys reviewed briefs, pleadings and formal discovery responses in the FDIC litigation and reviewed correspondence and documents regarding the FDIC priority claim dispute litigation. In addition, NGE attorneys conferred with co-counsel regarding strategy related to Motion to Withdraw Reference, Motion to Stay, Motion to Reassign, Motion to Withdraw Motion to Dismiss and Motions to Compromise with the PBGC and the FDIC. NGE attorneys prepared for and attended multiple hearings, including hearings regarding the PBGC 9019 motion, the FDIC tax escrow stipulation and reviewed relevant case law updates. Additionally, NGE attorneys corresponded with counsel regarding upcoming hearings, and prepared for and participated in conference calls regarding strategy for FDIC Litigation.

37.     In connection with the foregoing, NGE attorneys expended 27.90 hours for which NGE seeks compensation of $13,817.00. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

14

| Name | Hours | Value |
|------|-------|-------|
| Steven F. Pflaum | 0.50 | 350.00 |
| Mark A. Berkoff | 3.60 | $2,342.00 |
| Deborah M. Gutfeld | 23.8 | $11,125.00 |
| **Total** | **27.90** | **$13,817.00** |

I. **Meetings of Creditors – 0011**: (Total Hours: 59.20, Total Fees: $33,120.50)

38.     During this Application Period, NGE attorneys prepared for and attended the 341 Meeting.   NGE attorneys prepared for and attended telephonic conference calls with the Committee, reviewing correspondence, agendas, pleadings, reports and status updates.   These meetings and conference calls were necessary due to the complexity of this case and the myriad of issues confronting the Debtor.   It was necessary to keep the Committee advised on, among other things, status of retention applications, FTI's workplan, information sharing, Debtor's cash budget, the status of equitization/liquidation plans, term sheets, professional fees, hearings, potential litigation matters, Plan Administrators, Tricadia Plan Amendments, negotiation with Tricadia, Motion to Extend Exclusivity, revised Plan of Reorganization, Exclusivity Motion, Plan Status, Committee support letter, class action litigation and settlement, numerous drafts of Plans and Disclosure Statements, Plan supplement and strategy, Post-Confirmation issues, and revised budgets.   In addition, NGE professionals corresponded with committee members, conferred with co-counsel regarding status, strategy and upcoming conference calls with the Committee, and all of the above-referenced and related issues.

39.     In connection with the foregoing, NGE attorneys expended 59.20 hours for which NGE seeks compensation of $33,120.50. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

15

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 29.90 | $19,405.50 |
| Deborah M. Gutfeld | 29.30 | $13,715.00 |
| **Total** | **59.20** | **$33,120.50** |

**J. Plan and Disclosure Statement – 0012:**
(Total Hours: 201.20: Total Fees: $100,821.50)

40.    During this Application Period, NGE attorneys reviewed correspondence, pleadings, monthly operating reports, FTI analyses, summaries regarding equitization/liquidation plans, proposed timelines, term sheets, multiple drafts of the Plan and Disclosure Statement and Plan Administrator Agreement, Committee Support Letter, transcripts, Motion to Extend Exclusivity, pleadings regarding solicitation and extension of deadlines, preliminary information from Tricadia related to acquisition of debt position and implications for Plan process, correspondence regarding Tricadia ownership documents, Debtor's presentation regarding Plan process, Objection to Disclosure Statement, Reply in Support of Adequacy of Disclosure Statement, Order Approving Disclosure Statement, materials from potential post-confirmation professionals, Plan Supplements, affidavit in support of confirmation, proposed confirmation order and correspondence related to plan distributions.

41.    In addition, NGE attorneys conferred and corresponded with co-counsel and prepared for and participated in Committee calls to discuss proposed timelines, status of the case, Plans of Liquidation and objection to extending exclusivity, Plan Administrator Agreement, information request related to Plan Modification, Tricadia and strategy related to plan modifications, revisions and strategy related to the plan documents, the Committee Support Letter, the Disclosure Statement hearing, the First Amended Plan Supplement, FDIC objection and response thereto, IT fee issues, voting report, Kinetic distribution analysis, pleadings filed in connection with Confirmation Hearing, Confirmation Hearing strategy, effective date of the Plan

NGEDOCS: 1849997.2

and related distribution and strategy issues. NGE attorneys also reviewed Trustee correspondence regarding transfer claims issues and related issues concerning confirmation and solicitation.

42.    Additionally, NGE attorneys prepared for and attended hearings related to Debtor's Plans and Disclosure Statements, Motion to Extend Exclusivity, prepared for and attended status conferences regarding Plans and Disclosure Statements and prepared for and attended the Confirmation Hearing.

43.    NGE attorneys also researched tax policy and issues regarding the FDIC Objection and litigation, effective date and continuing litigation.

44.    In connection with the foregoing, NGE attorneys expended 201.20 hours for which NGE seeks compensation of $100,821.00.    An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

| Name | Hours | Value |
|------|-------|-------|
| Mark A. Berkoff | 32.40 | $21,220.50 |
| Deborah M. Gutfeld | 168.80 | $79,601.00 |
| **Total** | **201.20** | **$100,821.50** |

**K. Statement of Expenses:** (NGE Total Expenses: $490.49)

45.    NGE has also incurred or accrued expenses of $490.49 for, among other things, photocopy charges (at 10 cents per page), transcripts, postage and conference call charges. An itemized breakdown of the services rendered to the Committee is attached hereto as Exhibits "A" through "P." A general breakdown is as follows:

17

## EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---|
| Cabfare | $10.00 |
| Conference Call Charge | $9.16 |
| Filing fee | $50.00 |
| Lexis Research | $97.96 |
| Messenger Services | $28.89 |
| Postage | $146.38 |
| Reproduction of Documents | $64.10 |
| Transcript of Proceedings | $84.00 |
| Total | $490.49 |

## IX.   APPLICABLE LEGAL STANDARDS AND CRITERIA

46.    Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—

(A)    reasonable compensation for actual, necessary services rendered by . . . such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

47.    Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

* * *

. . . services performed by attorneys representing debtors must produce a benefit to the estate in order to be fully compensable from the estate.

18

In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted).

In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the

Bankruptcy Court for the Northern District of Illinois considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

48.    Regardless of the significance of certain individual factors in determining the

value of professional services, the Court should primarily focus its attention upon the

reasonableness of the services provided to the estate.  As the United States Court of Appeals for

the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations

omitted).  The Seventh Circuit has recognized that the appropriate measure to determine the

reasonableness of attorneys' fees is the market based approach.  See Steinlauf v. Continental

Illinois Corp. (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992)

(stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to

stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length

NGEDOCS: 1849997.2

negotiation . . ."). Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." In re Famisaran, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

X.    **APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST**

49.    In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by NGE, the reasonableness of the services rendered and the results achieved. All of the services performed by NGE were required for the proper representation of the Committee in this case, to the extent necessary, were authorized by the Court and were performed by NGE at the request and direction of the Committee. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of NGE's services are compensable.

50.    The amount of services rendered by NGE to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the complexity of the issues involved in this case. NGE attorneys allocated responsibilities among attorneys at NGE to minimize possible duplication of efforts. Compensation is sought for participation in one task by more than one attorney of NGE only in instances where joint participation was necessary because of the significant impact of a particular hearing or meeting, the complexity of the problems involved, the magnitude of the work to be performed, and the specialization required or the need to preserve a continuity of representation. In a case of this magnitude and complexity, it is often more economical and sometimes necessary for multiple attorneys to attend a meeting or hearing

20

to facilitate communication of information than to relay the information from attorney to attorney. In similar situations, such representation has been approved. See, e.g., Berberana v. Coler, 753 F.2d 629, 631 (7th Cir. 1985).

51.    The experience and expertise in bankruptcy cases and the quality of the services brought to this case by NGE further supports the requested compensation. This law firm has charged the estate the normal and customary hourly rates for similar services rendered in like circumstances to other clients. Furthermore, the rates at which NGE seeks compensation are its standard hourly rates. The rates are comparable to the rates charged by other practitioners of similar experience, competence and standing in the community.

52.    NGE submits that its hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of NGE in this case.

XI.    **STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE**

53.    No agreement exists between NGE and any third party for the sharing of compensation received by NGE in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of NGE.

54.    During the Application Period, NGE has devoted 541.40 hours to represent the Committee with respect to categories (A)-(J) above, and has provided the Committee with actual and necessary legal services worth a total of $242,353.70 and has incurred expenses totaling $490.49.

21

NGEDOCS: 1849997.2

55.    A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibits "A" through "P."

56.    A computer generated statement of expenses incurred by NGE is attached hereto as Exhibits "A" through "P."

57.    Attached hereto as Exhibit "Q" is the Affidavit of Mark A. Berkoff attesting to, among other things, the accuracy of the information set forth in Exhibits "A" through "P" of this Application.

58.    Attached to this Application as Exhibit "R" is a biographical sketch (including billing rates) of each professional whose time is reflected in Exhibits "A" through "P" of this Application.  Exhibit "R" also includes the name (and billing rates) of paralegals whose time is reflected in Exhibits "A" through "P."

**WHEREFORE,** Neal, Gerber & Eisenberg LLP, counsel for the Committee herein, respectfully requests:

A.    that the Court approve and allow, as an administrative expense, its request for: (i) allowance and payment of compensation in the amount or $8,982.00, for professional services rendered by NGE on behalf of the Committee during the Current Application Period (i.e., October 1, 2011 – October 27, 2011); (ii) allowance and payment of $4,811.50 in Estimated Compensation; and (iii) final allowance and payment of compensation in the amount of $247,353.70 in compensation and $490.49 in itemized charges and expenses, for a total of $247,844.19 for compensation and expenses incurred by NGE on behalf of the Committee during the Final Application Period (i.e., June 28, 2010 – October 27, 2011);

NGEDOCS: 1849997.2

B.   that the Court approves and directs payment by the Reorganized Debtor to NGE of the amounts so awarded (to the extent not already paid in accordance with the Interim Compensation Order);

C.   and that the Court grant such other and further relief as is just and proper under the circumstances.

Dated: November 10, 2011

Respectfully Submitted,

**NEAL, GERBER & EISENBERG LLP**

By:   _/s/ Mark A. Berkoff_____
      Mark A. Berkoff (ARDC #06194797)
      Two North LaSalle Street
      Suite 1700
      Chicago, IL  60602-3801
      (312) 269-8000

*Co-Counsel to the Official Committee of Unsecured Creditors of Corus Bankshares, Inc.*

NGEDOCS: 1849997.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

NOV 10 2011

KENNETH S. GARDNER, CLERK
PS REP. - LR

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| CORUS BANKSHARES, INC.,[1] | ) | Case No. 10-26881 (PSH) |
| | ) | |
| | ) | |
| Debtor. | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

| | |
|---|---|
| Name of Applicant: | Neal, Gerber & Eisenberg LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of Corus Bankshares, Inc. |
| Date of Retention: | August 3, 2010, retroactive to June 28, 2010 |
| Period for which compensation and reimbursement is sought: | June 28, 2010 through and including October 27, 2011 |
| Amount of fees sought as actual, reasonable and necessary | $247,353.70[2] |
| Amount of expenses sought as actual, reasonable and necessary | $490.49 |

This is a(n): ____ monthly   ____ interim   ✓ final application

### SUMMARY OF MONTHLY AND INTERIM APPLICATIONS:

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|---|
| 8/27/10 | 6/28/10-7/31/10 | $30,650.50 | $156.88 | $29,820.08 | $29,820.08 |
| 9/30/10 | 8/1/10-8/31/10 | $25,593.50 | $9.40 | $25,566.90 | $25,566.90 |
| 10/29/10 | 9/1/10-9/30/10 | $16,811.50 | $9.63 | $16,821.13 | $16,821.13 |
| **11/08/10**[3] | **6/28/10-9/30/10** | **$73,055.50** | **$175.91** | **$72,208.11** | **$72,208.11** |
| 11/22/10 | 10/1/10-10/31/10 | $22,988.50 | $56.40 | $21,754.90 | $21,754.90 |
| 12/21/10 | 11/1/10-11/30/10 | $21,232.50 | $45.60 | $19,794.60 | $19,794.60 |
| 1/27/11 | 12/1/10-12/31/10 | $10,017.50 | $108.49 | $9,867.99 | $9,867.99 |

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Corus Bankshares, Inc. (3592). The location of the Debtor's corporate headquarters and the service address for the Debtor is: 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606.

[2] This amount has been modified to reflect the $5,333.80 in fees that were previously disallowed by this Court. In addition, this amount includes estimated compensation in the amount of $4,811.50 in connection with the preparation and filing of this Application.

[3] This was Neal, Gerber & Eisenberg LLP's First Interim Application.

| Date Filed | Period Covered | Requested | | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|---|
| | | Fees | Expenses | | |
| 3/1/11 | 1/1/11-1/31/11 | $5,587.50 | $16.69 | $5,403.19 | $5,403.19 |
| **3/2/11**[4] | **10/1/10-12/31/10** | **$54,238.50** | **$210.49** | **$51,417.49** | **$51,417.49** |
| 4/5/11 | 2/1/11-2/28/11 | $6,081.00 | $0.00 | $5,679.00 | $5,679.00 |
| 4/27/11 | 3/1/11-3/31/11 | $15,441.00 | $40.00 | $14,804.20 | $14,804.20 |
| 5/27/11 | 4/1/11-4/30/11 | $7,533.00 | $0.00 | $7,533.00 | $7,533.00 |
| **6/1/11**[5] | **1/1/11-3/31/11** | **$27,109.50** | **$56.69** | **$25,887.19** | **$25,886.39** |
| 6/24/11 | 5/1/11-5/31/11 | $17,369.00 | $0.00 | $17,369.00 | $17,369.00 |
| 7/28/11 | 6/1/11-6/30/11 | $14,474.00 | $47.40 | $14,521.40 | $14,521.40 |
| 8/24/11 | 7/1/11-7/31/11 | $15,127.00 | $0.00 | $12,101.60 | $12,101.60 |
| **8/24/11**[6] | **4/1/11-6/30/11** | **$39,376.00** | **$47.40** | **$39,423.40** | **$39,423.40** |
| 9/28/11 | 8/1/11-8/31/11 | $15,531.00 | $0.00 | $12,424.80 | $12,424.80 |
| 10/21/11 | 9/1/11-9/30/11 | $14,456.50 | $0.00 | $11,565.20 | $0.00 |
| 11/10/11 | 10/1/11-10/27/11 | $13,793.50[7] | $0.00 | $0.00 | $0.00 |
| | **TOTAL** | **$252,687.50** | **$490.49** | **$225,027.79** | **$213,461.79** |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: **$213,461.79**.

Date: November 10, 2011            By: /s/ Mark A. Berkoff
                                       Applicant, for Neal, Gerber & Eisenberg LLP

---

[4] This was Neal, Gerber & Eisenberg LLP's Second Interim Application.

[5] This was Neal, Gerber & Eisenberg LLP's Third Interim Application.

[6] This was Neal, Gerber & Eisenberg LLP's Fourth Interim Application.

[7] This amount includes estimated compensation in the amount of $4,811.50 in connection with the preparation and filing of the final fee application.

NGEDOCS: 1849989.2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | )    **Chapter 11** |
| | ) |
| **CORUS BANKSHARES, INC.,**[1] | )    **Case No. 10-26881 (PSH)** |
| | ) |
| | ) |
| Debtor. | ) |

### SUMMARY SHEET

**Fees Previously Requested: $238,894.00**
**Fees Previously Paid: $212,971.30**

**Expenses Previously Requested: $490.49**
**Expenses Previously Paid: $490.49**

NAME OF APPLICANT:
Neal, Gerber & Eisenberg LLP
ROLE IN THE CASE:
Co-Counsel to the Official Committee of
Unsecured Creditors
CURRENT APPLICATION
  Fees Requested: $247,353.70[2]
  Expenses Requested: $490.49

| NAMES OF PROFESSIONALS/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Steven F. Pflaum | 1979 | 0.50 | $700.00 | $350.00 |
| Mark A. Berkoff | 1987 | 115.10 | $645.00-$670.00 | $74,892.00 |
| Deborah M. Gutfeld | 2000 | 301.30 | $460.00-$475.00 | $141,346.00 |
| Nicholas M. Miller | 1998 | 5.50 | $410.00 | $2,255.00 |
| **PARAPROFESSIONALS** | | | | |
| Nina T. Brody | | 117.80 | $240.00-$250.00 | $28,915.00 |
| R.K. Scott Johnson | | 0.40 | $115.00 | $46.00 |
| Kevin J. Augusta | | 0.80 | $90.00 | $72.00 |
| TOTAL | | 541.40 | | $247,876.00 |

TOTAL BLENDED HOURLY RATE: $457.84
(Including Paraprofessionals)

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Corus Bankshares, Inc. (3592). The location of the Debtor's corporate headquarters and the service address for the Debtor is: 10 S. Riverside Plaza, Suite 1800, Chicago, IL 60606.

[2] This amount has been modified to reflect the $5,333.80 in fees that were previously disallowed by this Court. In addition, this amount includes estimated compensation in the amount of $4,811.50 in connection with the preparation and filing of this Application.

NGEDOCS: 1849989.2

## CERTIFICATE OF SERVICE

Mark A. Berkoff, an attorney, certifies that on November 10, 2011, he caused the foregoing *Final Fee Application of Neal, Gerber & Eisenberg LLP as Counsel to the Official Committee of Unsecured Creditors of Corus Bankshares, Inc. for the Period from September 28, 2010 through and including October 27, 2011* (the "**Application**") to be filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to the following parties:

| | |
|---|---|
| Ronald Barliant   ronald.barliant@goldbergkohn.com, kristina.bunker@goldbergkohn.com | Mark A Berkoff   mberkoff@ngelaw.com, cdennis@ngelaw.com |
| Deborah J Bisco   bisco.deborah@pbgc.gov, efile@pbgc.gov | Sonia U Chae   chaes@sec.gov |
| Jeffrey W Gettleman   jgettleman@kirkland.com, sgross@kirkland.com;dseligman@kirkland.com;csroka@kirkland.com | Deborah M Gutfeld   dgutfeld@ngelaw.com, cdennis@ngelaw.com |
| Wojciech F Jung   wjung@lowenstein.com, squigley@lowenstein.com;ilevee@lowenstein.com | Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov |
| Michael D Messersmith   mmessersmith@kayescholer.com, keanderson@kayescholer.com;jben@kayescholer.com | Todd C Meyers   tmeyers@kilpatricktownsend.com, rrahman@kilpatricktownsend.com;lcanty@kilpatricktownsend.com |
| Nicholas M Miller   nmiller@ngelaw.com | Matthew A Olins   maolins@duanemorris.com |
| Elizabeth Gayle Peterson   epeterson@fhslc.com, docket@fhslc.com;clukey@fhslc.com;acotter@fhslc.com | Lars A Peterson   lapeterson@foley.com |
| Robbin S Rahman   rrahman@kilpatricktownsend.com | Kevin G Schneider   kschneider@ngelaw.com |
| David R Seligman   dseligman@kirkland.com, adam.gorman@kirkland.com;leslie.garthwaite@kirkland.com | Alan P. Solow   alan.solow@dlapiper.com, docketingchicago@dlapiper.com;william.guthrie@dlapiper.com |
| John R Weiss   jrweiss@duanemorris.com | Guthrie B William   william.guthrie@dlapiper.com, docketingchicago@dlapiper.com |
| Blair R Zanzig   bzanzig@loeb.com, mjawor@loeb.com;chdocket@loeb.com | |

In addition, the Application was served upon the following parties:

*VIA MESSENGER DELIVERY*
M. Gretchen Silver
Office of the United States Trustee
219 South Dearborn St., Rm. 873
Chicago, IL 60604

*VIA REGULAR MAIL*
David Seligman
Jeffrey W. Gettleman
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

*VIA REGULAR MAIL*
Corus Bankshares, Inc.
Attn: Steven J. Antal, Esq.
10 S. Riverside Plaza, Suite 1800
Chicago, IL 60606

*VIA REGULAR MAIL*
Gerard S. Catalanello
John R. Weiss
Duane Morris LLP
1540 Broadway
New York, NY 10035

NGEDOCS: 1849997.2

Parties may access this filing through the Court's CM/ECF system.

/s/ Mark A. Berkoff
Mark A. Berkoff (ARDC No. 06194787)
**NEAL, GERBER & EISENBERG LLP**
Two North LaSalle Street – Suite 1700
Chicago, IL  60602-3801
(312) 269-8000

2