**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| CORUS FINANCIAL CORP. f/k/a/ CORUS BANKSHARES, INC., [1] | ) Case No. 10-26881 (PSH) ) |
| Reorganized Debtor. | ) **Objection Deadline: June 10, 2014, at 4:00 p.m. C.T.** ) **Hearing Date:  June 17, 2014, at 10:00 a.m. C.T.** ) |

**NOTICE OF THE MOTION FOR ENTRY OF A
FINAL DECREE CLOSING THE CHAPTER 11 CASE**

     **PLEASE TAKE NOTICE** that on **June 17, 2014, at 10:00 a.m. C.T.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis in Courtroom 644 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and present the **Motion for Entry of a Final Decree Closing the Chapter 11 Case**, at which time and place you may appear if you so desire.

     **PLEASE TAKE FURTHER NOTICE** that any objection must be filed with the Court by **June 10, 2014, at 4:00 p.m., C.T.** and served by such time on:  (a) counsel to the Reorganized Debtor; (b) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Suite 873, Chicago, Illinois 60604, Attn: M. Gretchen Silver; (c) counsel for the Creditors' Designee, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309-4528, Attn: Todd Meyers and Robbin Rahman; and (d) those parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 and the Case Management Procedures approved by the Court in this case.

     **PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Motion with proof of service is filed with the Bankruptcy Court by **June 10, 2014, at 4:00 P.M. C.T.**, there may not be a hearing on the Motion and the Order may be signed without further notice.

     **PLEASE TAKE FURTHER NOTICE** that, you may obtain additional information concerning the Chapter 11 case at the Reorganized Debtor's private web site at http://www.bmcgroup.com/corus.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: Corus Financial Corp. (3592).  The location of the Reorganized Debtor's corporate headquarters and the service address for the Debtor is: 555 E. Lancaster Ave., Suite 540, Radnor, PA 19087.

KE 29109241

| | |
|---|---|
| Dated:  June 3, 2014 | **KIRKLAND & ELLIS LLP** |
| | */s/ Jeffrey W. Gettleman* |
| | James H.M. Sprayregen, P.C. (IL Bar No. 6190206) |
| | David R. Seligman, P.C. (IL Bar No. 6238064) |
| | Jeffrey W. Gettleman (IL Bar No. 0944904) |
| | 300 North LaSalle Street |
| | Chicago, Illinois  60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile:  (312) 862-2200 |
| | |
| | *Counsel to the Reorganized Debtor* |

KE 29109241

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) |
| CORUS FINANCIAL CORP. f/k/a/ <br> CORUS BANKSHARES, INC.[1] | ) Case No. 10-26881 (PSH) <br> ) |
| Reorganized Debtor. | ) Honorable Pamela S. Hollis <br> ) **Objection Deadline: June 10, 2014, at 4:00 p.m. C.T.** <br> ) **Hearing Date: June 17, 2014, at 10:00 a.m. C.T.** |

**MOTION FOR ENTRY OF A**
**FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE**

The above-captioned reorganized debtor (the "Reorganized Debtor") (the "Debtor"), files this motion (the "Motion") seeking entry of a final decree and order (the "Final Decree"), substantially in the form attached hereto as **Exhibit A**, closing the above-captioned chapter 11 case (the "Chapter 11 Case"). In support of the Motion, the Reorganized Debtor respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article X.14 of *The Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (With Technical Modifications)* [Docket No. 674] (the "Plan"). This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is: Corus Financial Corp. (3592). The location of the Reorganized Debtor's corporate headquarters and the service address for the Reorganized Debtor is: 555 E. Lancaster Ave., Suite 540, Radnor, PA 19087.

KE 29031516                    1

3.  The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules").

## RELIEF REQUESTED

4.  The Reorganized Debtor respectfully requests that the Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing the Chapter 11 Case.

5.  A Closing Report for the Chapter 11 Case is attached hereto as **Exhibit B**.

## BACKGROUND

6.  On June 15, 2010, (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.  On September 26, 2011, the Debtor filed the Plan.

8.  On September 29, 2011, the Court entered the *Order Confirming the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 689], and the Plan became effective on October 27, 2011 (the "Effective Date").[2]

9.  On and after the Effective Date, as set forth in the Plan, all assets of the Debtor vested in the Reorganized Debtor, and the Litigation Trust was established.[3]

10.  After the Effective Date, the Litigation Trustee of the Litigation Trust established under the Plan brought an action against certain of the Debtor's former directors and officers (the "D&O Action"), and the Reorganized Debtor and the Federal Deposit Insurance Corporation, as

---

[2] *See Notice of (A) Confirmation of Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (With Technical Modifications); (B) The Occurrence of the Effective Date of the Plan; (C) Deadlines for Filing Certain Claims and Requests for Payment; and (D) Certain Actions Taken by the Board of Directors of the Reorganized Debtor* [Docket No. 739].

[3] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

KE 29031516                              2

Receiver of Corus Bank, engaged in litigation with respect to the ownership of certain tax refunds. Both the D&O Action and the FDIC litigation were resolved in consensual settlements, which were approved by the Court by orders entered on December 17, 2013 [Docket Nos. 1005 & 1006].

11. As described in Art. II.A.5 of the *First Amended Disclosure Statement for the Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket 569] (the "Disclosure Statement"), the Debtor is a party to a loan participation agreement dated September 11, 2008 in which it participated with Corus Bank in a loan to the developer of the Mint at Riverfront Condominiums, a real estate development in Miami, Florida (the "Mint Loan Participation"). The Disclosure Statement (filed on July 28, 2011) projected that the Debtor's estate would recover up to $4.80 million on account of this loan participation. In fact, to date the estate has recovered almost $9.6 million. The participation agreement will not terminate until the development is closed out, which is not estimated to occur until approximately 2022. The Reorganized Debtor has reserved what in its business judgment are sufficient funds to cover any expenses related to the loan participation that will be incurred between now and the closing out of the development.

12. As required by Local Bankruptcy Rule 3022-1, the status of distributions made to date is set forth below. By way of explanation, the Plan provided that creditors holding Allowed Claims in Class 4, 5 and 6 could elect to receive Distributions in either (i) stock of the Reorganized Debtor or (ii) in Cash. *See* Plan, Arts. III.B.4, III.B.5, III.B.6 and IV.Q.2. The initial Distribution to creditors was made on February 15, 2012, and resulted in the distributions described below.

| Class | Treatment | Status and Date of Distributions |
|---|---|---|
| 1—Secured Claims | Unimpaired | No distributions (no Allowed Claims in this Class) |
| 2—Non-FDIC Priority Claims | Unimpaired | No distributions (no Allowed Claims in this Class) |
| 3—FDIC Priority Claims | Impaired | No distributions (no Allowed Claims in this Class)[4] |
| 4—TOPrS Unsecured Claims | Impaired | Class 4 Creditors electing Cash received an initial distribution of $596,152; Class 4 Creditors electing equity received an initial equity distribution of $4,992,571.55 |
| 5—FDIC Non-Priority Claims | Impaired | No distributions (no Allowed Claims in this Class)[5] |
| 6—Other Unsecured Claims | Impaired | Creditors electing Cash received an initial distribution of $435,655.00[6] |
| 7—510(b) Subordinated Unsecured Claims | Impaired | No distributions (no Allowed Claims in this Class) |
| 8—Equity Interests | Impaired | No distributions (no Allowed Claims in this Class) |

13. On May 30, 2014, the Reorganized Debtor made a second distribution to creditors, as set forth below.

| Class | Treatment | Status and Date of Distributions |
|---|---|---|
| 1—Secured Claims | Unimpaired | No distributions (no Allowed Claims in this Class) |
| 2—Non-FDIC Priority Claims | Unimpaired | No distributions (no Allowed Claims in this Class) |
| 3—FDIC Priority Claims | Impaired | No distributions (no Allowed Claims in this Class) |
| 4—TOPrS Unsecured Claims | Impaired | Class 4 Creditors electing Cash received a second distribution of $3,946,549.11; Class 4 Creditors electing equity |

---

[4] The FDIC Seniority Claim was withdrawn as part of the settlement with the FDIC. *See* Docket No. 994.
[5] The FDIC-R Proof of Claim was withdrawn as part of the settlement with the FDIC. *Id.*
[6] No Class 6 Creditors elected to receive equity under the Plan.

| | | |
|---|---|---|
| | | received a cash distribution of $1,513,236.46[7] |
| 5—FDIC Non-Priority Claims | Impaired | No distributions (no Allowed Claims in this Class) |
| 6—Other Unsecured Claims | Impaired | Creditors electing Cash received a second distribution of $1,183,419.53 |
| 7—510(b) Subordinated Unsecured Claims | Impaired | No distributions (no Allowed Claims in this Class) |
| 8—Equity Interests | Impaired | No distributions (no Allowed Claims in this Class) |

14. The Reorganized Debtor has reserved $361,053.67 to cover final invoices for the estate's professionals, U.S. Trustee fees, outstanding indenture trustee fees, and expenses related to the Mint Loan Participation. This reserve is, in the Reorganized Debtor's business judgment, sufficient to cover any further expenses of the estate through the time when the Mint Loan Participation is ended which, as discussed above, will be in approximately 2022. At that time, if the reserve funds show a positive balance, the Reorganized Debtor will make a final distribution to those creditors who elected a cash distribution under the Plan.[8] The Debtor respectfully suggests that there is no reason to keep this Chapter 11 Case open until the Mint Loan Participation ends.

15. As of the date of this Motion, all claims, motions, contested matters, and adversary proceedings in this Chapter 11 Case have been finally resolved. Additionally, all

---

[7] The cash distribution to Class 4 Creditors electing equity reflects their pro rata share of the net proceeds of the D&O Action, pursuant to Art. IV.C.5 of the Plan. In addition, $18,434,835.59, representing the portion of the proceeds of the FDIC settlement not distributed to the cash electors, was distributed to the Reorganized Debtor, the value of which is reflected in the value of the equity electors' equity holdings. The equity electors did not receive additional shares of stock as part of the May 30, 2014 distribution.

[8] The Proposed Order includes a provision that all creditors who have elected to receive cash distributions under the Plan, who have been served with this Motion, are responsible for notifying BMC Group (the Debtor's Notice, Claims and Balloting Agent) of any address changes so that any final distribution can be appropriately directed.

KE 29031516      5

applicable fees to date, including U.S. Trustee fees, have been satisfied.[9] Thus, there are no further actions to be taken under the Plan. Attached hereto as <u>Exhibit B</u> is the Reorganized Debtor's Closing Report.

16. In light of the foregoing, the Reorganized Debtor submits that the Estate has been substantially consummated and respectfully requests that the Chapter 11 Case should be closed and the Final Decree entered. The proposed Final Decree will relieve the Court, the United States Trustee and the Reorganized Debtor of the administrative burdens relating to the Chapter 11 Case, and will allow the Reorganized Debtor to avoid incurring further quarterly fees under 28 U.S.C. § 1930.

## BASIS FOR RELIEF

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

18. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee's Note to the 1991 amendment of Rule 3022, however, sets forth a nonexclusive list of factors to be considered when evaluating whether an estate has been fully administered, as follows:

    (a)    whether the order confirming the plan has become final;

    (b)    whether deposits required by the plan have been transferred;

---

[9] The U.S. Trustee will receive a check for any final outstanding fees at the time of the hearing on the Motion.

    (c)    whether the property proposed by the plan to be transferred has been transferred;

    (d)    whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

    (e)    whether payments under the plan have commenced; and

    (f)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee's note (1991); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (holding that the factors listed in the advisory committee's note are "illuminative" but noting that "all of the factors in the [note] need not be present before the Court will enter a final decree").

19. Courts have held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. *See In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate has been substantially consummated for purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. *See Walnut Assoc. v. Saidel*, 164 B.R. 487, 492 (E.D. Pa. 1994). Section 1101(2) defines substantial consummation as follows:

    (a)    transfer of all or substantially all of the property proposed by the plan to be transferred;

    (b)    assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    (c)    commencement of distributions under the plan.

20. Courts have also found that it is not necessary to have completed a final distribution under a plan of reorganization to close a case. *See, e.g., JMP-Newcor International*,

225 B.R. 462, 465 (Bankr. N.D. Ill. 1998); *Jay Bee Enterprises*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

21. The Reorganized Debtor's estate has been fully administered in this Chapter 11 Case, making it appropriate for the Court to enter a final decree closing the case. The confirmation order became final and non-appealable approximately two and a half years ago, and the Reorganized Debtor has long since assumed the business and management of the property addressed by the Plan. All property required to be transferred by the Plan has been transferred, and all claims, motions, contested matters, and adversary proceedings filed in this chapter 11 case have been finally resolved, and a second distribution to creditors was made on June 30, 2014. Although a further *de minimis* final distribution from any remaining reserve funds may be made in or about 2022, the Court's role in administering this case is essentially complete. Accordingly, the Reorganized Debtor believes that its estate has been fully administered within the meaning of section 350(a) of the Bankruptcy Code.

22. Therefore, the Reorganized Debtor respectfully requests that this Court enter the Decree closing this chapter 11 case.

## **NOTICE**

23. Pursuant to Local Bankruptcy Rule 3022-1, the Reorganized Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the Northern District of Illinois; (b) all creditors; and (c) any persons who have filed a request for notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Reorganized Debtor respectfully submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

46. No prior motion for the relief requested herein has been made to this or any other court.

For the foregoing reasons, the Reorganized Debtor respectfully requests that the Court (a) enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing this chapter 11 case, and (b) grant such other and further relief as the Court deems just and equitable.

Dated:  June 3, 2014

Respectfully Submitted,
*/s/ Jeffrey W. Gettleman*
James H.M. Sprayregen, P.C. (IL Bar No. 6190206)
David R. Seligman, P.C. (IL Bar No. 6238064)
Jeffrey W. Gettleman (IL Bar No. 0944904)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Reorganized Debtor*

## Exhibit A

**Proposed Final Decree**

KE 29031516